Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006

Attorneys for Defendants
Davol Inc. and C.R. Bard, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDY A. NICHOL and LOUIS NICHOL, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>BOULDER CITY HOSPITAL, INC.; DAVOL INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. BARD SALES REPRESENTATIVE; JOHN DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | CASE NO:<br><br>**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and

statute of limitations, hereby remove the above-captioned action from the Eighth Judicial District Court, Clark County, Nevada, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiffs commenced this action with their Complaint for Damages filed in the Eighth Judicial District Court, Clark County, Nevada, on or about May 8, 2007, as Case No. A540796. Davol was served with the Complaint on May 16, 2007. Bard was served with the Complaint on May 21, 2007. Neither Davol nor Bard has answered Plaintiffs' Complaint.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiffs' Complaint) is attached hereto as Exhibit A. Defendants are informed and believe per the State Court docket that no further proceedings have occurred in this matter in the Eighth Judicial District Court apart from the filing of a Complaint and issuance and return of Summonses.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the District Court for Clark County, Nevada, where Plaintiffs' Complaint is pending.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the Clerk of the District Court for Clark County, Nevada, where Plaintiffs' Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Davol and Bard, the only properly joined defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**A. The Amount-In-Controversy Requirement Is Satisfied**

7. Although Defendants deny Plaintiffs' claims, Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiffs' claims against Defendants sound in product liability and seek recovery for injuries allegedly caused by a defective medical device, a Composix® Kugel® hernia repair patch, that was manufactured and sold by Defendants and used in Plaintiff Judy A. Nichol's hernia repair. (*See* Compl. ¶¶ 11-15.) Plaintiffs allege that after implantation of the Composix® Kugel® patch by her doctors, Ms. Nichol "developed health issues and complications including, but not limited to, perforations and serosal infection, as a result." (Compl. ¶ 26.) Plaintiffs claim that the use of the medical device caused Ms. Nichol to "suffer great pain of body and mind," and for that they seek damages "in an amount in excess of $10,000." (Compl. ¶ 18.) Plaintiffs also claim that they have incurred and will incur medical expenses that "will continue in the future, in a presently unascertainable amount." (Compl. ¶ 19.) Plaintiffs further claim that they have suffered "loss of enjoyment of life," and for this they seek monetary damages "in an amount in excess of $10,000." (Compl. ¶ 20.) Plaintiff Louis Nichol alleges that he "was caused to suffer a loss of his wife's services," etc., and for this Plaintiffs again seek damages "in an amount in excess of $10,000." (Compl. ¶ 21.) Plaintiffs also seek punitive damages against Defendants. (*See* Compl. ¶¶ 65-70.)

8. The amount-in-controversy requirement is met here, because Plaintiffs' Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co.*, *supra*). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

9. In addition, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See, e.g.*, *Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex.

filed Apr. 24, 2007) (Exhibit B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Exhibit C).

**B. The Parties Properly Joined In This Action Are Completely Diverse**

10. On information and belief, Plaintiffs are residents and citizens of Nevada. (*See* Compl. ¶¶ 2-3.)

11. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

12. Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

**C. The Remaining Defendant, Boulder City Hospital, Is Improperly Joined, And Its Citizenship Should Be Disregarded For Purposes of Jurisdictional Analysis**

13. Although the precise citizenship of Boulder City Hospital ("the Hospital") is unclear from the face of Plaintiffs' Complaint, even assuming that defendant is a citizen of Nevada, its presence does not destroy this Court's diversity jurisdiction because the Hospital is improperly joined as a defendant in this case. The doctrine of misjoinder, applied through Rules 20 and 21 of the Federal Rules of Civil Procedure, permits the Court "to sever claims where the [plaintiff's] joinder [of parties and claims] is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and interest of justice is best served by severance." *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004). "[W]here the non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure, other interests prevail over that of permitting a plaintiff's choice of forum." *Id.*

14. The Hospital is misjoined as a party here, and should be severed from this action to sustain this Court's diversity jurisdiction, because Plaintiffs' claims against it do not arise from the same transaction or occurrence as Plaintiffs' claims against Davol and Bard. *See id.* at 683-84 (denying motion to remand, concluding that parties were misjoined where plaintiff consolidated claims against product manufacturer and prescribing physician, among others); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001) (finding, *inter alia*, that plaintiff's "additional

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

claims against the health care provider for negligent administration of [the drug] after its withdrawal from the market do not arise out of the same transaction or occurrence as the claims against the drug manufacturer[] for negligent marketing and distribution and failure to warn"). In fact, Plaintiffs' Complaint acknowledges that their claims against the Hospital rest upon occurrences, transactions, and conduct wholly separate and apart from the product liability claims asserted against Davol and Bard, for Plaintiffs claim that the Hospital is independently liable for failing to heed a recall notice concerning the Composix® Kugel® patch that was issued by Davol and Bard. (*See* Compl. ¶ 14; Aff. of David Anaise, M.D. (attachment to Plaintiffs' Complaint, concluding "that the patch inserted into Mrs. Nichol in April of 2006 was actually recalled one month earlier.").) Beyond this allegation of negligence against the Hospital, the remaining allegations in Plaintiffs' Complaint are directed to Davol and Bard.

15. Doe Davol/C.R. Bard Sales Representative, John Does 1 through 10, and Roe Corporations 1 through 10 are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction. *See* 28 U.S.C. § 1441(a).

16. Furthermore, the consent of fictitious parties, along with the consent of the Hospital, is unnecessary since these parties are not properly joined defendants. *See, e.g.*, *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 991 (D. Nev. 2005) ("The rule, as expressed by Ninth Circuit courts, is that all defendants who are properly joined and served in the action must join in the removal or consent to it in writing, with the exception of defendants who are fraudulently joined or who are nominal defendants." (footnotes omitted)).

. . .

. . .

. . .

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the District Court for Clark County, Nevada, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

DATED this 5th day of June, 2007.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
Davol Inc. and C.R. Bard, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**CERTIFICATE OF SERVICE BY MAIL**

I HEREBY CERTIFY that on this 5th day of June, 2007, a true copy of the foregoing **Defendant Davol Inc.'s and Defendant C.R. Bard, Inc.'s Notice of Removal** was mailed, postage prepaid, to the following:

Robert E. Murdock, Esq.
MURDOCK & ASSOCIATES, CHTD.
520 S. Fourth Street
Las Vegas, NV 89101
and
Eckley M. Keach, Esq.
ECKLEY M. KEACH, CHTD.
520 S. Fourth Street
Las Vegas, NV 89101
Attorneys for Plaintiffs

an employee of Smith Larsen & Wixom