# EXHIBIT A

COMP

Robert E. Murdock, Esq.
Nevada Bar No. 4013
MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563

Eckley M. Keach, Esq.
Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563
Attorneys for Plaintiffs

FILED
MAY 8 2 18 PM '07
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JUDY A. NICHOL and LOUIS NICHOL, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BOULDER CITY HOSPITAL, INC.; DAVOL INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. BARD SALES REPRESENTATIVE; JOHN DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | A540796<br>Case No.<br>Dept. No. VIII<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW plaintiffs JUDY A. NICHOL and LOUIS NICHOL, by and through their attorneys of record, Robert E. Murdock, Esq. of Murdock & Associates, Chtd. and Eckley M. Keach, Esq., of Eckley M. Keach Chtd., and hereby allege as follows:

## GENERAL ALLEGATIONS

1. This action is instituted for damages, attorney's fees, costs of suit and pre-judgment interest.

2. At all times herein mentioned, plaintiff Judy A. Nichol was and is a resident of Clark County, Nevada.

3. At all times herein mentioned, plaintiff Louis Nichol was and is a resident of Clark County, Nevada.

4. At all times herein mentioned, defendant Boulder City Hospital, Inc. was and is a Nevada non-profit corporation doing business in Clark County, Nevada, which owns and operates Boulder City Hospital and provides hospitalization and related medical facilities and services to the public.

5. At all times herein mentioned, defendant Davol Inc., a subsidiary of C.R. Bard, Inc., was and is a Delaware corporation doing business within the State of Nevada.

6. At all times herein mentioned, defendant C.R. Bard, Inc. was and is a New Jersey corporation doing business within the State of Nevada.

7. At all times herein mentioned, defendant Doe Davol/C.R. Bard Sales Representative was and is a resident of Clark County, Nevada, authorized to distribute medical technologies including, but not limited to, the Bard Composix Kugel Hernia Repair Patch, and was and is engaged, either directly or indirectly, through third parties or related entities, in the business of distributing and selling the Bard Composix Kugel Hernia Repair Patch.

8. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants John Does 1 through 10, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe, and

thereupon allege, that each of the defendants designated herein as Doe is negligently responsible in some manner for the events and happenings referred to herein and negligently caused injury and damages proximately thereby to plaintiffs as herein alleged. Plaintiffs will seek leave of court to amend this Complaint to insert the true names and capacities of said defendants John Does 1 through 10, inclusive, when same have been ascertained by plaintiffs, together with appropriate charging allegations and to join such defendants in this action.

9. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Roe Corporations 1 through 10, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe, and thereupon allege, that each of the defendants designated herein as Roe Corporation is negligently responsible in some manner for the events and happenings referred to herein and negligently caused injury and damages proximately thereby to plaintiffs as herein alleged. Plaintiffs will seek leave of court to amend the Complaint to insert the true names and capacities of said defendants Roe Corporations 1 through 10, inclusive, when same have been ascertained by plaintiffs, together with appropriate charging allegations and to join such defendants in this action.

10. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, defendants, and each of them, including John Does 1 through 10, inclusive, and Roe Corporations 1 through 10, inclusive, were agents, servants, employees and/or joint venturers of their co-defendants, and jointly and severally liable to plaintiffs herein.

11. On or about April 21, 2006, plaintiff Judy A. Nichol required hernia repair surgery which was performed by Charles B. Walton, M.D. at defendant Boulder City Hospital.

12. During the hernia repair surgery which was performed on or about April 21,

2006, Charles B. Walton, M.D. implanted a device known as a Bard Composix Kugel Hernia Repair Patch.

13. The device known as a Bard Composix Kugel Hernia Repair Patch had been recalled by defendants Davol Inc. and/or C.R. Bard, Inc. in January, 2006.

14. Upon information and belief, defendant Boulder City Hospital knew or should have known that the device known as a Bard Composix Kugel Hernia Repair Patch had been recalled, but failed to inform Charles B. Walton, M.D. of same prior to its implantation

15. In or about May, 2006, after the device known as a Bard Composix Kugel Hernia Repair Patch was implanted in plaintiff Judy A. Nichol, Charles B. Walton, M.D. wrote a letter to plaintiff Judy A. Nichol advising her of the recall.

**FIRST CAUSE OF ACTION**

Negligence

16. Plaintiffs hereby repeat and reallege those allegations contained in paragraphs 1 through 15 herein, and incorporate same by this reference as though fully set forth herein.

17. Plaintiffs' injuries were caused by the negligence, and gross negligence, of defendants, and each of them, in that defendants, and each of them, manufactured, distributed, marketed, sold and implanted the Bard Composix Kugel Hernia Repair Patch in such a negligent, careless, reckless and wanton manner, and with willful and reckless disregard for the rights and safety of plaintiffs, so as to cause plaintiffs' injuries, damages, pain and suffering as complained of herein.

18. As a direct and proximate result of defendants' negligence as herein alleged, plaintiff Judy A. Nichols was injured and caused to suffer great pain of body and mind, all to her general damage in an amount in excess of $10,000.00.

19. As a further direct and proximate result of defendants' negligence as herein alleged, plaintiff Judy A. Nichol has incurred expenses for medical care and treatment and expenses incidental thereto, all to her damage in a sum according to proof at trial; plaintiffs are informed and believe, and thereupon allege, that such expenses will continue in the future, in a presently unascertainable amount, all to her damage in a sum according to proof at trial.

20. As a further direct and proximate result of defendants' negligence as herein alleged, plaintiffs have suffered physical and emotional injuries as herein set forth which has damaged plaintiffs in that they have suffered the loss of enjoyment of life; plaintiffs are informed and believe, and thereupon allege, that such injuries will continue in the future, all to their general damage in an amount in excess of $10,000.00.

21. As a further direct and proximate result of the negligence of defendants, and each of them, plaintiff Louis Nichol was caused to suffer a loss of his wife's services, her companionship, society, comfort and consortium, and expenses associated therewith, resulting in general and special damages, all to his damage in an amount in excess of $10,000.00.

22. Plaintiffs have been required to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

**SECOND CAUSE OF ACTION**

Strict Product Liability

23. Plaintiffs hereby repeat and reallege those allegations contained in paragraphs 1 through 22 herein, and incorporate same by this reference as though fully set forth herein.

24. At all times herein mentioned, defendants Davol Inc., C.R. Bard, Inc., Doe Davol/C.R. Bard Sales Representative, John Does 1 through 10, inclusive, and Roe Corporations 1 through 10, inclusive, and each of them, were the manufacturers, designers,

suppliers, assemblers, distributors, sellers, inspectors, marketers, warranters and/or advertisers of the Bard Composix Kugel Hernia Repair Patch, which contained design and/or manufacturing defects, thereby rendering the Bard Composix Kugel Hernia Repair Patch unsafe and dangerous for use by the consumer, user and/or bystanders. Defendants also failed to provide adequate warnings or instructions to consumers and users of the Bard Composix Kugel Hernia Repair Patch concerning the risks associated with the Bard Composix Kugel Hernia Repair Patch.

25. On or about April 21, 2006, plaintiff Judy A. Nichol was implanted with the Bard Composix Kugel Hernia Repair Patch.

26. Following the implantation of the Bard Composix Kugel Hernia Repair Patch, plaintiff Judy A. Nichol developed health issues and complications including, but not limited to, perforations and serosal infection, as a result of the Bard Composix Kugel Hernia Repair Patch implantation.

27. As a direct and proximate result of the defective design and manufacturing of the Bard Composix Kugel Hernia Repair Patch, which defects existed at the time the Bard Composix Kugel Hernia Repair Patch left the hands of the manufacturer and distributor, and as a result of the conduct of defendants, and each of them, the Bard Composix Kugel Hernia Repair Patch failed to perform in the manner to be reasonably expected, causing injury to plaintiff Judy A. Nichol, all to her damage in an amount in excess of $10,000.00.

28. As a direct and proximate result of the conduct of defendants, and each of them, and the defective conditions of the Bard Composix Kugel Hernia Repair Patch, plaintiff Judy A. Nichol has incurred expenses for medical care and treatment and expenses incidental thereto, all to her damage in a sum according to proof at trial; plaintiffs are informed and

believe, and thereupon allege, that such expenses will continue in the future, in a presently unascertainable amount, all to her damage in a sum according to proof at trial.

29. As a further direct and proximate result of the conduct of defendants, and each of them, and the defective conditions of the Bard Composix Kugel Hernia Repair Patch, plaintiffs have suffered physical and emotional injuries as herein set forth which has damaged plaintiffs in that they have suffered the loss of enjoyment of life; plaintiffs are informed and believe, and thereupon allege, that such injuries will continue in the future, all to their general damage in an amount in excess of $10,000.00.

30. Plaintiffs have been required to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### Negligent Design

31. Plaintiffs hereby repeat and reallege those allegations contained in paragraphs 1 through 30 herein, and incorporate same by this reference as though fully set forth herein.

32. At all times herein mentioned, defendants, and each of them, were negligent in the design, testing, manufacture, inspection, marketing, distribution, and sale of the Bard Composix Kugel Hernia Repair Patch.

33. At al times herein mentioned, defendants, and each of them, knew or should have known that their products were not reasonably safe as designed, manufactured, tested and marketed; that the products contained materials and/or ingredients which were harmful to individuals when they were implanted.

34. At all times herein mentioned, defendants, and each of them, disregarded this knowledge to the detriment of plaintiffs and other consumers of the product.

35. At all times herein mentioned, defendants, and each of them, were negligent, careless and reckless in failing to warn their intended consumers of the above risks and consequences associated with the product as it was their duty to so inform.

36. As a direct and proximate result of the actions of the defendants, and each of them, plaintiffs were injured in their bodies and their spirit, were caused to suffer extreme and severe pain, distress, mental and emotional distress and upset, which injuries may be permanent and progressive, all to their damage in an amount in excess of $10,000.00.

37. As a further direct and proximate result of the negligence and careless actions of defendants, and each of hem, plaintiff Judy A. Nichol has incurred expenses for medical care and treatment and expenses incidental thereto, all to her damage in a sum according to proof at trial; plaintiffs are informed and believe, and thereupon allege, that such expenses will continue in the future, in a presently unascertainable amount, all to her damage in a sum according to proof at trial.

38. Plaintiffs have been required to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Warn

39. Plaintiffs hereby repeat and reallege those allegations contained in paragraphs 1 through 38 herein, and incorporate same by this reference as though fully set forth herein.

40. Defendants had a duty to warn plaintiffs of any dangers or hazards faced by plaintiff Judy A. Nichol when she was implanted with the Bard Composix Kugel Hernia Repair Patch, which duty was breached by defendants as more fully set forth hereinabove.

41. As a direct and proximate result of the actions, conduct, and breaches of duty by

defendants, and each of them, plaintiffs were injured in their bodies and their spirit, were caused to suffer extreme and severe pain, distress, mental and emotional distress and upset, which injuries may be permanent and progressive, all to their damage in an amount in excess of $10,000.00.

42. As a further direct and proximate result of the negligence and careless actions of defendants, and each of them, plaintiff Judy A. Nichol has incurred expenses for medical care and treatment and expenses incidental thereto, all to her damage in a sum according to proof at trial; plaintiffs are informed and believe, and thereupon allege, that such expenses will continue in the future, in a presently unascertainable amount, all to her damage in a sum according to proof at trial.

43. Plaintiffs have been required to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

**FIFTH CAUSE OF ACTION**

Misrepresentation

44. Plaintiffs hereby repeat and reallege those allegations contained in paragraphs 1 through 43 herein, and incorporate same by this reference as though fully set forth herein.

45. At all times herein mentioned, defendants Davol Inc., C.R. Bard, Inc., Doe Davol/C.R. Bard Sales Representative, John Does 1 through 10, inclusive, Roe Corporations 1 through 10, inclusive, were engaged in the business of, among other things, providing products in key surgical specialties, including hernia repair, and provided such product to plaintiff Judy A. Nichol.

46. At all times herein mentioned, defendant Boulder City Hospital, Inc. was engaged in the business of providing hospitalization and related medical facilities and services

to the public, and provided same to plaintiff Judy A. Nichol.

47. Defendants, and each of them, misrepresented the quality of the product known as the Bard Composix Kugel Hernia Repair Patch, and the risks associated with said product, which would be material to plaintiffs herein as potential purchasers and users.

48. Plaintiffs, and each of them, were persons who would reasonably be expected to use the Bard Composix Kugel Hernia Repair Patch, and did justifiably rely upon the misrepresentations of defendants, and each of them, with respect to the Bard Composix Kugel Hernia Repair Patch.

49. As a direct and proximate result of the misrepresentation of the product by defendants, and each of them, plaintiffs have suffered injuries and damages as described herein.

50. Plaintiffs have been required to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

**SIXTH CAUSE OF ACTION**

Express Warranty

51. Plaintiffs hereby repeat and reallege those allegations contained in paragraphs 1 through 50 herein, and incorporate same by this reference as though fully set forth herein.

52. At the time defendants placed the Bard Composix Kugel Hernia Repair Patch into the stream of commerce, defendants, and each of them, expressly warranted that the product was safe for its intended use. The product was not safe for its intended use and defendants breached an express warranty.

53. As a direct and proximate result of defendants' breach of warranty, plaintiffs have suffered injuries and damages as described herein.

54. Plaintiffs have been required to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

**SEVENTH CAUSE OF ACTION**

Implied Warranty of Merchantability

55. Plaintiffs hereby repeat and reallege those allegations contained in paragraphs 1 through 54 herein, and incorporate same by this reference as though fully set forth herein.

56. At the time they placed the Bard Composix Kugel Hernia Repair Patch into the stream of commerce, defendants, and each of them, extended an implied warranty to plaintiffs and others that the product was merchantable.

57. At all times herein mentioned, the product was not merchantable and the aforesaid implied warranty made by defendants, and each of them, was breached.

58. As a direct and proximate result of defendants' breach of warranty, plaintiffs have suffered injuries and damages as described herein.

59. Plaintiffs have been required to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

**EIGHTH CAUSE OF ACTION**

Implied Warranty of Fitness for a Particular Purpose

60. Plaintiffs hereby repeat and reallege those allegations contained in paragraphs 1 through 659herein, and incorporate same by this reference as though fully set forth herein.

61. At the defendants sold the product and had reason to know that the product was required and purchased for a particular purpose and the ultimate user of the product was relying upon defendants' skill and judgment to select and/or furnish a product suitable for the particular purpose.

62. At the time of use of the product, plaintiffs did in fact rely on the skill and judgment of defendants, and each of them, to select and provide a suitable product for the purpose of repairing a hernia, and an implied warranty of fitness for a particular purpose existed at the time of the sale.

63. As a direct and proximate result of defendants' breach of implied warranty of fitness for a particular purpose, plaintiffs have suffered injuries and damages as described herein.

64. Plaintiffs have been required to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

**NINTH CAUSE OF ACTION**

Punitive Damages

65. Plaintiffs hereby repeat and reallege those allegations contained in paragraphs 1 through 64 herein, and incorporate same by this reference as though fully set forth herein.

66. Defendants, and each of them, were aware of problems relating to the design and manufacture of the Bard Composix Kugel Hernia Repair Patch prior to the sale of such product to plaintiffs.

67. Specifically, upon information and belief, defendants were aware that the Bard Composix Kugel Hernia Repair Patch could cause serious harm and injury to person(s) such as plaintiff Judy A. Nichol.

68. Despite such knowledge, defendants, and each of them, allowed such Bard Composix Kugel Hernia Repair Patch to be introduced into the stream of commerce.

69. Such conduct was willful, wanton, reckless, and malicious in conscious disregard for the rights and safety of others including, in this instance, plaintiffs.

70. Such conduct requires the imposition of punitive and/or exemplary damages in excess of $10,000.00.

71. Plaintiffs have been required to retain the services of an attorney to prosecute this action, and plaintiffs are therefore entitled to attorney's fees and costs of suit.

WHEREFORE, plaintiffs, and each of them, pray for judgment against defendants, and each of them, as follows:

1. For general damages in a sum in excess of $10,000.00;

2. For special damages in an amount to be proven at trial;

3. For punitive damages in an amount in excess of $10,000.00;

4. For attorney's fees and costs of suit incurred; and

5. For such other and further relief as the Court may deem just and proper in the premises.

MURDOCK & ASSOCIATES, CHTD.
ECKLEY M. KEACH, CHTD.

Robert E. Murdock Bar No. 4013
Eckley M. Keach Bar No. 1154
520 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

# AFFIDAVIT OF DAVID ANAISE, M.D.

STATE OF ARIZONA )
) ss.
COUNTY OF PIMA )

DAVID ANAISE, M.D., being first duly sworn, deposes and says:

1. I am a physician licensed to practice in the State of Maryland. I am Board Certified in Surgery, and I have attached my *Curriculum Vitae* to this Affidavit.

2. I have reviewed a portion of the Boulder City Hospital medical records of Judy Nichol, a APatient Management Information@ letter from Davol, and a letter from Dr. Walton to Mrs. Nichol.

3. According to the medical records, Mrs. Nichol underwent hernia repair with a placement of a Kugel Patch. According to the medical records, the product code of the Bard/Davol Composix Kugel Patch was 0010202. I believe that the lot number was 43KMD173. A March 24, 2006 letter from Davol identifies the recalled patches as Product Code 0010202 with lot numbers, among others, 43*M***. Accordingly, I believe that the patch inserted into Mrs. Nichol in April of 2006 was actually recalled one month earlier. Placing such into Mrs. Nichol was below the standard of care of Dr. Walton and the hospital. Dr. Walton needs to explain about the perforations and whether he believed that the ring had failed or whether the surgery itself caused the serosal infection and perforations. Additional information is required to render any further opinions because the medical records alone are insufficient to render any additional opinions.

4. All of my opinions are to a reasonable degree of medical certainty.

FURTHER AFFIANT SAYETH NAUGHT.

DAVID ANAISE, M.D.

OFFICIAL SEAL
DENISE R. CULLEN
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. April 16, 2010

Subscribed and sworn to before me this 27 day of April, 2007

Notary Public in and for said County and State

**David Anaise MD**
**1001 W San Martin Dr.**
**Tucson AZ 85704**
**520-628-7777**
**Fax 520-844-1452**
**danaise2002@yahoo.com**

## EDUCATION AND TRAINING:

Hebrew University, Hadassah Medical School, Jerusalem, Israel, M.D. 1975
Resident in General Surgery, SUNY at Stony Brook, New York 1976 - 1981
Transplantation Fellowship SUNY at Stony Brook, New York 1981- 1982
American Board of Surgery Certification #037547, December 3, 1982.
American Board of Surgery Recertified October 1998
Licensed in Maryland
University of Arizona College of Law JD May 1999

## HOSPITAL AND ACADEMIC APPOINTMENTS:

Assistant Clinical Professor Department of Surgery George Washington University Washington DC 1992- present
Attending Surgeon General Surgery and Transplantation Washington Hospital Center Washington DC 1992- 1996
Senior staff surgeon Henry Ford Hospital Detroit MI 1991-1992
Medical director transplantation services Sierra Medical center El Paso Texas 1989-1991
Clinical Associate Professor in Surgery, Attending Surgeon in Transplantation and General Surgery Department of Surgery, SUNY at Stony Brook, , New York 11794 1982-1989

## MEMBERSHIP IN PROFESSIONAL SOCIETIES:

The Transplantation Society
American Society of Transplant Surgeons
European Society for Organ Transplantation
Fellow, American College of Surgeons

## HONORS:

Assistant Editor, Transplantation Proceedings
President, New York Transplantation Society, 1988-1989.
Representative of the State of New York to the Organ Procurement and Distribution Committee of the United Network for Organ Sharing (UNOS )
Board of Directors New York Regional Transplant Program (NYRTP)

## MILITARY SERVICE:

Captain, Israeli Medical Corps. 1971-1974

## PATENTS

U.S. Patent #4,723,939. Apparatus & Methods for Multiple organ procurement
U.S. Patent #309,288 Method for hypothermic organ protection during organ procurement from non - heart beating cadaver donors.
U.S Patent # 576,058 Hemostatic Organ Preservation System

## BOOK CHAPTERS

David Anaise: Pharmacologic Agents in Organ Preservation
In: "Procurement and Preservation of Vascularized Organs"
G. M . Collins Editor Klwer Academic Publisher 1996

David Anaise: Salvage of Organs from Non Heart-Beating Cadaver Donors In: "Procuring Organs for Transplant"
R. M Arnold MD editor John Hopkins University Press 1996

David Anaise , Mark Yland : Perfusion and Storage Techniques
In :" Basic Concepts of Organ Procurement "
L Toledo Peryera MD Editor RG Landes Co 1996

David Anaise The technology of transplantation In " Bioethics and Law"
Michael H Shapiro and Roy G. Spece Jr. editors West publication 2003

## PUBLICATIONS

106 articles published in peer reviewed journals

PERSONAL

Born 2/12/46 Jerusalem Israel

## BIBLIOGRAPHY

1. Ben-Hur, N., Golan, Y. and Anaise, D. Reimplantation of four amputated fingers using microsurgical technique. Harefua, D:81, 1976.
2. Eldad, A., Stark, M. and Anaise, D. Amniotic membranes as a biological dressing

in the treatment of burns. S. African Med. J., 51:272, 1977.
3. Anaise, D., Steinitz, R. and Ben-Hur, N. Solar radiation as a possible etiologic factor in malignant melanoma. Cancer, 42:299, 1978.
4. Anaise, D. and Hines, G. L. Limb salvage by use of an extra-anatomical bypass. Med. J. Nassau Hosp., 3:5, 1981.
5. Golan, J., Anaise, D. and Eylath, U. Treatment of cutaneous malignant melanoma in Israel, 1960-1970. Ann. Plastic Surg., 8:397, 1982.
6. Anaise, D., Atkins, H. and Oster, A. Non-invasive radionucleide scintiphotography technique for the assessment of preserved renal allograft viability. J. Nucl. Med., 24:15, 1983.
7. Anaise, D., Atkins, H., Asari, H., Oster, Z., Waltzer, W.C., Bachvaroff, R.J. and Rapaport, F.T. Pretransplant assessment of preserved renal allograft viability by radionuclide scintiphotography. Fed. Proc., 42:1088, 1983.
8. Asari, H., Anaise, D., Bachvaroff, R.J. and Rapaport, F.T. Protective effects of a calmodulin inhibitor in canine kidney preservation. Fed. Proc., 42:1088, 1983.
9. Waltzer, W.C., Bachvaroff, R.J., Anaise, D., Raisbeck, A.P., Asari, H. and Rapaport, F.T. Parameters of immunological reactivity in patients with end-stage renal disease (ESRD) awaiting transplantation. Fed. Proc., 42:941, 1983.
10. Waltzer, W.C., Anaise, D., Asari, H. and Rapaport, F.T. Management of urological transplant complications by utilization of the host ureter. Transpl. Proc., 15:2152, 1983.
11. Asari, H., Anaise, D., Bachvaroff, R.J. and Rapaport, F.T. Usefulness of trifluoperazine in canine kidney preservation. Transp. Proc., 16:184, 1984.
12. Anaise, D., Brandt, D. and Smith, N. Pitfalls in the diagnosis and treatment of gastric diverticulum. Gastrointestinal Endoscopy, 30:28, 1984.
13. Anaise, D., Atkins, H., Asari, H., Oster, Z., Waltzer, W.C., Bachvaroff, R.J. and Rapaport, F.T. A non-invasive approach to the assessment of organ viability after kidney preservation in dogs. Transpl. Proc., 16:164, 1984.
14. Asari, H., Anaise, D., Bachvaroff, R.J., Sato, T. and Rapaport, F.T. Preservation techniques for organ transplantation. I. Protective effects of calmodulin inhibitors in cold-preserved kidneys. Transpl., 37:113, 1984.
15. Anaise, D., Asari, H., Sato, K., Waltzer, W.C., Bachvaroff, R.J., Oster, Z., Atkins, H. and Rapaport, F.T. The beneficial effect of trifluoperazine (TFP) on the microcirculation and subsequent function of the cold preserved kidney. Transpl. Proc., 16:1333, 1984.
16. Waltzer, W.C., Bachvaroff, R.J., Anaise, D. and Rapaport, F.T. Natural killer activity after renal transplantation. Transpl. Proc., 16:1527, 1984.
17. Waltzer, W.C., Bachvaroff, R.J., Anaise, D. and Rapaport, F.T. Lymphocyte subpopulations in renal transplantation. Transpl. Proc., 16:1554, 1984.
18. Waltzer, W.C., Bachvaroff, R.J., Shen, L., Anaise, D. and Rapaport, F.T. Human Natural Killer (NK) cell activity in kidney allograft recipients. Fed. Proc., 43:663, 1984.
19. Waltzer, W.C., Frischer, Z., Anaise, D., Sato, K. and Rapaport, F.T. Restoration of urinary tract continuity after necrosis of the pelvis and ureter in a transplanted kidney - the boari flap. Transpl. Proc., 16:1367, 1984.

20. Anaise, D., Waltzer, W.C., Sato, K., Frischer, Z. and Rapaport, F.T. Usefulness of the Dennis tube for in situ cold perfusion of cadaver donor kidneys. Transpl. Proc., 16:1661, 1984.
21. Anaise, D., Cottrell, T., Ellis, P., Waltzer, W. and Rapaport, F.T. Biliary stenosis secondary to pancreatitis - an unusual cause of obstructive jaundice in a renal transplant recipient. Transpl. Proc., 16:1669, 1984.
22. Waltzer, W.C., Bachvaroff, R.J., Anaise, D. and Rapaport, F.T. Lymphocyte subpopulations in patients with end-stage renal disease (ESRD). Abstracts of the IXth Intl. Congress of Nephrology, Los Angeles, California, June 11-16, 1984, p. 305A.
23. Shen, L., Waltzer, W.C., Anaise, D., Bachvaroff, R.J. and Rapaport, F.T. The value of monitoring T-lymphocyte subpopulations after kidney transplantation. Fed. Proc., 43:609, 1984.
24. Waltzer, W.C., Anaise, D., Frischer, Z. and Rapaport, F.T. Renal transplantation and Boeck's sarcoidosis. Transpl. Proc., 16:1359, 1984.
25. Waltzer, W.C., Anaise, D., Arbeit, L., Weinstein, S. and Rapaport, F.T. Usefulness of Captopril in the management of hypertension after renal transplantation. Transpl. Proc., 16:1372, 1984.
26. Anaise, D., Sato, K., Atkins, H., Oster, Z., Asari, H., Waltzer, W.C., Pollack, W., Bachvaroff, R.J. and Rapaport, F.T. Scintigraphic evaluation of the viability of cold preserved kidneys prior to transplantation. J. Nuclear Med., 25:1304, 1984.
27. Anaise, D., Bachvaroff, R.J., Sato, K., Waltzer, W.C., Asari, H., Pollack, W., Oster, Z., Atkins, H. and Rapaport, F.T. Enhanced resistance to the effects of hypothermic ischemia in the preserved canine kidney. Transpl., 38:570, 1984.
28. Anaise, D., Sato, K., Waltzer, W.C., Bachvaroff, R.J., Oster, Z., Atkins, H., Pollack, W. and Rapaport, F.T. A membrane stabilization approach to long-term renal preservation. Transpl. Proc., 17:1457, 1984.
29. Waltzer, W.C., Arnold, A., Anaise, D. and Rapaport, F.T. Human natural killer (NK) cell activity following renal transplantation. Abstracts of the 80th Annual Convention of the American Urological Association, Atlanta, Georgia, May 12-16, 1985. p. 232A.
30. Waltzer, W.C., Arnold, A., Anaise, D. and Rapaport, F.T. Monitoring of T-cell subpopulations following renal transplantation. Abstracts of the 80th Annual Convention of the American Urological Association, Atlanta, Georgia, May 12-16, 1985. p. 232A.
31. Waltzer, W.C., Frischer, Z., Anaise, D., Sato, K. and Rapaport, F.T. Management of bladder neck contracture at the time of renal transplantation. Transpl. Proc., 17:2009, 1985.
32. Waltzer, W.C., Bachvaroff, R.J., Arnold, A., Anaise, D. and Rapaport, F.T. Immunological consequence of renal transplantation and immunosuppression. I. Alterations in human natural killer cell activity. J. Clin. Immunol., 5:78, 1985.
33. Waltzer, W.C., Anaise, D., Gonda, A.C., Sato, K. and Rapaport, F.T. Use of self-retained coiled silicone stent for management of recurrent transplant ureteral stricture. Transpl. Proc., 17:2016, 1985.
34. Waltzer, W.C., Anaise, D., Sato, K., Atkins, H., Oster, Z., Cavallaro, D., Miller, F.

and Rapaport, F.T. Acute lymphedema in a renal allograft - an unusual cause of early post-operative transplant dysfunction. Transpl. Proc., 17:1755, 1985.
35. Waltzer, W.C., Anaise, D., Arbeit, L. A., Miller, F., Weinstein, S.W., and Rapaport, F.T. Allograft rejection and the nephrotic syndrome. Transpl. Proc., 17:1763, 1985.
36. Atkins, H. L., Oster, Z. H., Anaise, D., Weis, S., Waltzer, W.C., Gonda, A., Cooch, E., and Rapaport, F.T. Cortical perfusion index - a predictor of acute rejection in transplanted kidneys. J. Nucl. Med., 26:132, 1985.
37. Waltzer, W.C., Arnold, A.N., Anaise, D., Lehr, H.A., and Rapaport, F.T. A comparison of the effects of cyclosporine and azathioprine on human natural killer (NK) activity in renal allograft recipients. Transpl. Proc., 17:2719, 1985.
38. Lehr, H., Jao, S., Waltzer, W.C., Anaise, D. and Rapaport, F. T. Cytomegalovirus-induced diabetes mellitus in a renal allograft recipient. Transpl. Proc., 17:2152, 1985.
39. Waltzer, W.C., Gonda, A., Lehr, H., Anaise, D., Frischer, Z. and Rapaport, F.T. Management of transplant ureteropelvic junction obstruction by dismembered pyeloplasty. Transpl. Proc., 17:2149, 1985.
40. Arnold, A.N., Waltzer, W.C., Anaise, D., Weinstein, S. W., and Rapaport, F.T. Effect of renal allograft dysfunction upon cyclosporine trough levels in host blood. Transpl., 40:605, 1985.
41. Lehr, H.A., Baim, R.S., Waltzer, W.C., Anaise, D. and Rapaport, F.T. Comparative efficacy of ultrasound and core needle biopsy techniques for the differential diagnosis of acute renal allograft rejection crises. Transpl. Proc., 18:1057, 1986.
42. Anaise, D., Atkins, H., Oster, Z., Weis, S., Gonda, A., Waltzer, W.C., and Rapaport, F.T. Use of renal cortex perfusion indices for the diagnosis of acute allograft rejection crises. Transpl. Proc. 18:1048, 1986.
43. Lehr, H.A., Waltzer, W.C., Anaise, D., and Rapaport, F.T. Management of a post-biopsy arterial pseudoaneurysm in a transplanted kidney: utilization of epsilon aminocaproic acid and controlled hypotension. Transpl. Proc., 18:976, 1986.
44. Kimmelstiel, F., Anaise, D., Waltzer, W.C., Arnold, A.N., and Rapaport, F.T. Radionuclide scans and needle biopsies in the diagnosis and treatment of renal allograft pyelonephritis and rejection developing during post-operative acute tubular necrosis. Transpl. Proc., 18:963, 1986.
45. Anaise, D., Waltzer, W.C., and Rapaport, F.T. Metabolic requirements for successful extended hypothermic kidney preservation. J. Urol., 136:345, 1986.
46. Anaise, D., Oster, Z.H., Atkins, H.L., Arnold, A.N., Weis, S., Waltzer, W.C., and Rapaport, F.T. Cortex perfusion index - a sensitive detector of acute rejection crisis in transplanted kidneys. J. Nuclear Med., 27:1697, 1986.
47. Waltzer, W.C., Arnold, A.N., Anaise, D., and Rapaport, F.T. A comparison of immune profiles in Cyclosporine- and Azathioprine- treated renal allograft recipients. Transpl. Proc. 18:1332, 1986.
48. Prives, J., Anaise, D., Lane, B. and Rapaport, F.T. Adverse effects of angiotensin and calmodulin on the vascular smooth muscle of the cold preserved kidney. The Physiologist, 29:116, 1986.

49. Anaise, D., Ramsammy, L, Lane, B. and Rapaport, F.T. Do calcium inhibitors prevent free radicals' release during prolonged hypothermic renal ischemia? The Physiologist, 29:161, 1986.
50. Greif, F., Anaise, D., Arbeit, L., Frei, L., and Soroff, H.S. Inhibition of the calcium cascade in renal ischemia. The Physiologist, 29:116, 1986.
51. Waltzer, W.C., Arnold, A., Anaise, D. and Rapaport, F.T. Contrasting results of immunological monitoring in cyclosporine and azathioprine treated renal allograft recipients. Transpl. Proc., 18:970, 1986.
52. Sato, K., Asari, H., Masaki, Y., Nakayama, Y., Yokota, K. Uchida, H., Aso, K., Anaise, D., Waltzer, W.C. and Rapaport, F.T. Successful 72, 96 and 120 hour preservation of the canine kidney by using simple surface cooling with Trifluoperazine (TFP), high dose Urokinase, Verapamil and modified Collins' solution. Low Temp. Med., 12:14, 1986.
53. Greif, F., Anaise, D., Frei, L., Arbeit, L., and Soroff, H. Role of calcium antagonists in averting acute tubular necrosis after prolonged renal ischemia. Surgical Forum, 37:64, 1986.
54. Waltzer, W.C., Miller, F., Arnold, A., Anaise, D. and Rapaport, F.T. Immunologic and clinical evaluation of renal allograft dysfunction by percutaneous core biopsy. Abstracts of the 82nd Annual Convention of the American Urological Association, Anaheim, California, May 17-21, 1987. p. 245A.
55. Waltzer, W.C., Arnold, A., Anaise, D. and Rapaport, F.T. Impact of cytomegalovirus infection and HLA matching on rejection following renal transplantation. Abstracts of the 82nd Annual Convention of the American Urological Association, Anaheim, California, May 17-21, 1987. p. 324A.
56. Anaise, D., Lane, B., Waltzer, W.C., Rapaport, F.T. The protective effect of calcium inhibitors and of captopril on the renal microcirculation during reperfusion. Transpl., 43:128, 1987.
57. Anaise, D., Waltzer, W.C., Arnold, A., and Rapaport, F.T. Adverse effects of Cyclosporin A on the microcirculation of the cold preserved kidney. N.Y.S J. Med., 87:141, 1987.
58. Waltzer, W.C., Miller, F., Arnold, A., Anaise, D., and Rapaport, F.T. Immunohistologic analysis of human renal allograft dysfunction. Transpl., 43:100, 1987.
59. Anaise, D., Lehr, H., Atkins, H., Oster, Z., Arnold, A., Waltzer, W.C., and Rapaport, F.T. Preservation of the cortical renal microcirculation - a prerequisite for immediate renal allograft function. Transpl. Proc., 19:2039, 1987.
60. Pullis, C.K., Waltzer, W.C., Arnold, A.N., Anaise, D.A., and Rapaport, F.T. Differential effects of cyclosporine and azathioprine on host cell populations in renal allograft recipients. Transpl. Proc., 19:1596, 1987.
61. Waltzer, W.C., Miller, F., Arnold, A.N., Anaise, D. and Rapaport, F.T. Identification of mononuclear cell populations infiltrating human renal allografts. Transpl. Proc., 19:1629, 1987.
62. Anaise, D., Ramsammy, L., Lane, B., Waltzer, W.C. and Rapaport, F.T. The Pathophysiology of the no-reflow phenomenon in cold stored kidneys. Transpl. Proc., 19:1348, 1987.

63. Sato, K., Asari, H., Masaki, Y., Uchida, H., Aso, K., Yoda, Y., Ishii, K., Anaise, D., Waltzer, W.C. and Rapaport, F.T. Usefulness of radionuclide scintiphotography to evaluate preserved kidney viability. Transpl. Proc., 19:2043, 1987.
64. Asari, H., Sato, K., Sonoda, K., Uchida, H., Ishihara, A., Anaise, D. and Rapaport, F.T. Protective effects of calmodulin inhibitor in canine kidney preservation. Transpl. Proc., 19:1363, 1987.
65. Arnold, A., Anaise, D., Miller, F., Waltzer, W.C. and Rapaport, F.T. Prevention of chronic rejection by cyclosporine and prednisone. Transpl. Proc., 19:2122, 1987.
66. Waltzer, W.C., Miller, F., Arnold, A.N., Jao, S., Anaise, D. and Rapaport, F.T. Value of percutaneous core needle biopsy in the differential diagnosis of renal transplant dysfunction. J. Urology, 137:1117, 1987.
67. Anaise, D., Yland, M.J., Waltzer, W.C., Frischer, Z., and Rapaport, F.T. A new perfusion tube for multiple organ procurement. Transpl. Proc., 19:4129, 1987.
68. Anaise, D., Yland, M.J., Atkins, H.L., Oster, Z.H., Waltzer, W.C., and Rapaport, F.T. Additive effects of cyclosporine and cold preservation upon the integrity of the renal cortical microcirculation. Transpl. Proc., 19:3606, 1987.
69. Atkins, H.L., Anaise, D., Oster, Z.H., Yland, M.J., Waltzer, W.C., and Rapaport, F.T. The evaluation of cold-storage and immunosuppression of renal allografts by using the cortical perfusion index. J. Nuclear Medicine, 28:731, 1987.
70. Kubota, K., Atkins, H.L., Anaise, D., Oster, Z.H., and Pollack, W. Quantitative evaluation of renal excretion on the dynamic DTPA renal scan. J. Nuclear Medicine, 28:733, 1987.
71. Waltzer, W.C., Arnold, A.N., Anaise, D., Hurley, S., Raisbeck, A., Egelandsdsdal, B., Pullis, C. and Rapaport, F.T. Impact of cytomegalovirus infection and HLA-matching on outcome of renal transplantation. Transpl. Proc., 19:4077, 1987.
72. Oster, Z.H., Bazin, J.P., Raynaud, C., Anaise, D., Di Paola, M., Di Paola, R., Rapaport, F.T., and Atkins, H.L. Renal transplant (RT) evaluation with Tc-99m DTPA (DTPA) - The role of factorial analysis. J. Nuclear Medicine, 28:680, 1987.
73. Waltzer, W.C., Shabtai, M., Anaise, D. and Rapaport, F.T. Usefulness and limitations of Doppler ultrasonography in the evaluation of post-operative renal allograft dysfunction. Abstracts of the 83rd Annual Convention of the American Urological Association, Boston, Massachusetts, June 3-7, 1988. p. 232A.
74. Waltzer, W.C., Shabtai, M., Frischer, Z., Anaise, D. and Rapaport, F.T. Early aggressive management for the prevention of renal allograft loss and patient mortality following major urological complications. Abstracts of the 83rd Annual Convention of the American Urological Association, Boston, Massachusetts, June 3-7, 1988. p. 418A.
75. Kimmelstiel, F., Anaise, D., Waltzer, W.C., and Rapaport, F.T. Continuous post-operative peritoneal lavage for the management of intra-abdominal sepsis in renal allograft recipients. Transpl. Proc., 20:101, 1988.
76. Shabtai, M., Luft, B., Waltzer, W.C., Anaise, D., and Rapaport, F.T. Massive cytomegalovirus pneumonia and myocarditis in a renal transplant recipient - successful treatment with DHPG. Transpl. Proc., 20:562, 1988.
77. Waltzer, W.C., Miller, F., Arnold, A.N., Anaise, D., and Rapaport, F.T.

Immunological analysis of cellular infiltrates during human renal allograft dysfunction. Transpl. Proc., 20:111, 1988.
78. Anaise, D., Yland, M.J., Waltzer, W.C., Frischer, Z., Hurley, S., Eychmueller, S., and Rapaport, F.T. Flush pressure requirements for optimal cadaveric donor kidney preservation. Transpl. Proc., 20:891, 1988.
79. Yland, M.J., Anaise, D., Kimmelstiel, F., Eychmueller, S., Romano, E., Waltzer, W.C., Frischer, Z., and Rapaport, F.T. The usefulness of initial brief pulsatile perfusion (BPP) in extending the applicability of cold storage for renal transplantation - a preliminary report. Transpl. Proc., 20:875, 1988.
80. Marks, L.A., Anaise, D., and Yland, M.J. Renal admittance plethysmosgraphy. Proceedings of the 14th Annual Northeast Bioengineering Conference, March 10-11, 1988.
81. Shabtai, M., Waltzer, W.C., Miller, F., Anaise, D., and Rapaport, F.T. Specificity of immune complex/complement deposits in the mediation of immunologic injury to renal allografts. Transpl. Proc., 21:278, 1989.
82. Waltzer, W.C., Shabtai, M., Anaise, D., and Rapaport, F.T. Usefulness and limitations of Doppler ultrasonography in the evaluation of post-operative renal allograft dysfunction. Transpl. Proc., 21:1901, 1989.
83. Shabtai, M., Waltzer, W.C., Anaise, D., Miller, F., and Rapaport, F.T. Implication of IgA and complement in the alterations in renal blood flow associated with allograft rejection. Transpl. Proc., 21:352, 1989.
84. Shabtai, M., Anaise, D., Miller, F., Oster, Z.H., Atkins, H., Waltzer, W.C., Yland, M.J., and Rapaport, F.T. The predictive value of renal cortical perfusion indices during acute allograft rejection crises. Transpl. Proc., 21:1899, 1989.
85. Anaise, D., Yland, M.J., Ishimaru, M., Shabtai, M., Hurley, S., Waltzer, W.C., and Rapaport, F.T. Organ procurement from non heart-beating cadaver donors. Transpl. Proc., 21:1211, 1989.
86. Shabtai, M., Anaise, D., Frei, L., Waltzer, W.C., Frischer, Z., Jao, S., Miller, F., and Rapaport, F.T. Malakoplakia in renal transplantation - an expression of altered tissue reactivity under immunosuppression. Transpl. Proc., 1989, Aug;21(4):3725-7

87. Shabtai, M., Miller, F., Lane, B., Waltzer, W.C., Anaise, D., Arbeit, L., and Rapaport, F.T. Nephrotic syndrome following renal transplantation. Transpl. Proc., 1989, Aug;21(4):3733-7
88. Shabtai, M., Waltzer, W.C., Shabtai, E., Anaise, D., Miller, F. and Rapaport, F.T. Multivariate and Boolean factor analysis of immune complex/complement deposits and their effect on renal blood flow during allograft rejection. Abstracts of the 84th Annual Convention of the American Urological Association, Dallas, Texas, May 7-11, 1989.
89. Waltzer, W.C., Pullis, C., Shabtai, M., Khoo, N., Anaise, D. and Rapaport, F.T. Peripheral blood natural killer (NK) cells in acute renal allograft recipients. The FASEB J., 3:A1235, 1989.
90. Shabtai, M., Pullis, C., Waltzer, W.C., Khoo, N., Anaise, D. and Rapaport, F.T. T-cell activation markers in acute renal allograft rejection. The FASEB J., 3:A1235, 1989.

91. Anaise, D., Madariaga, J., Gonda, A., Ishimaru, M., Anderson, E., Shabtai, M., Waltzer, W.C. and Rapaport, F.T. Protective effects of a calmodulin inhibitor on the microcirculation of cold stored livers. The FASEB J., 3:A600, 1989.
92. Anaise, D., Ishimaru, M., Madariaga, , A., Irisawa, A Lane, B., ., Sonoda, K.,Zeidan B, Shabtai M, and Rapaport, F.T. Protective effects of trifluoperazine on the microcirculation of cold stored livers. Transpl., vol 50 ,6, 933 1990
93. Anaise, D., Smith, Fr. R., Ishimaru, M., Waltzer, W.C., Shabtai, M., Hurley, S. and Rapaport, F.T. An approach to organ salvage from non-heartbeating cadaver donors under existing legal and ethical requirements for transplantation. - Transplantation 1990 Feb;49(2):290-4
94. Waltzer, W.C., Smith, Fr. R., Anaise, D. and Rapaport, F.T. Equity in organ distribution: A plea for a return to reality. Transl. Proc., .Transplant Proc 1989 Jun;21(3):3388-9; discussion 3413-8
95. Anaise, D., Shabtai, E., Shabtai, M., Ishimaru, M., Irisawa, A., Bowmann ,B A., Waltzer, W.C. and Rapaport, F.T. Objective numerical criteria for measurement of the severity of delayed graft function produced by different organ procurement and preservation techniques in renal transplantation.- Transplant Proc 1990 Apr;22 (2):392-3
96 Shabtai M Walter WC Frischer Z Khoo NT Anaise D Rapaport FT
TI - Rectus muscle flap for repair of refractory bladder fistula following renal transplantation: a case report - J Urol 1990 Feb;143(2):354-5
97 Shabtai M - Waltzer WC - Shabtai E - Anaise D - Frischer Z - Miller F - Rapaport FT - Multivariate and Boolean factor analysis of immune complex/complement deposits and their effects on renal blood flow during allograft rejection. - J Urol 1990 Feb;143(2):237-8
98 Rapaport FT - Anaise D - Organ donation--1990. - Transplant Proc 1991 Feb;23 (1 Pt 2):899-900
99 Shabtai M - Anaise D - Shabtai E - Raisbeck AP - Malinowski K - Oster Z - Atkins H - Waltzer WC - Rapaport FT Renal blood flow in the immediate posttransplant period as an index of the efficacy of organ procurement and preservation. Transplant Proc 1990 Oct;22(5):2366-8
100 Rapaport FT Waltzer WC - Anaise D - How can one balance duty to all cultures and ethnic groups with effective procurement Transplant Proc 1990 Jun;22(3):1007-9
101 Shabtai M Waltzer WC Anaise D Shabtai EL Rapaport FT Relevance of the "center effect" to the utilization of scarce resources for renal transplantation. Transplant Proc (1991 Apr) 23(2):1882-5
102 Yland MJ Anaise D Ishimaru M Rapaport FT New pulsatile perfusion method for non-heart-beating cadaveric donor organs: a preliminary report. Transplant Proc (I 993 Dec) 25(6):3087-90
103 Anaise D Rapaport FT Use of non-heart-beating cadaver donors in clinical organ transplantation--logistics, ethics, and legal considerations. Transplant Proc (1993 Feb) 25(I Pt 2):1507-8
104 Rapaport FT Anaise D Technical aspects of organ procurement from the non-heart-beating cadaver donor for clinical transplantation. Transplant Proc (1993 Apr)

25(2):2153-5
105 Mozes Nff Venkat KK Kupin W Dumler F Gracida C Uniewski M Anaise D Tang DH Is the routine use of induction immunosuppression with ALG or OKT3 justified in cadaveric renal transplantation? Transplant Proc (1993 Feb) 25(I Pt 1):575-6
106 Kupin W Venkat KK Ikerniyashiro D Ocdol H Mozes M Anaise D Johnson C Morbidity of intraoperative OKT3 administration in primary eadaveric renal transplant recipients. Transplant Proc (1993 Feb) 25(I

Social Security Disability Tucson Arizona

1

AFFIRMATION PURSUANT TO NRS 239B.030

The undersigned does hereby affirm that the preceding COMPLAINT FOR DAMAGES, Case No. ________:

__X__ Does not contain the Social Security number of any person.

- OR -

______ Contains the Social Security number of a person as required by:

A. A specific state or federal law, to wit:

______________________________

(State specific law)

- OR -

B. For the administration of a public program or for an application for a federal or state grant.

DATED this 8th day of May, 2007.

MURDOCK & ASSOCIATES, CHTD.
ECKLEY M. KEACH, CHTD.

______________________________

Robert E. Murdock Bar No. 4013
Eckley M. Keach Bar No. 1154
520 South Fourth Street
Las Vegas, NV 89101
Attorneys for Plaintiffs

FROM: Joanne Holmes (302)658-7581
CT - Wilmington SOP Team
1209 Orange Street

Wilmington, DE 19801

FedEx Revenue Barcode

TO: **Stephen Long (908)277-8267**
**C. R. Bard, Inc.**
**730 Central Avenue**

**New Providence, NJ 07974**

CAD#: 8278170
SHIP DATE: 16MAY07
WEIGHT: 1 LB

Ref: SOP/0503900/512227282/Joanne Holmes

DELIVERY ADDRESS (FedEx-EDR)

**** 2DAY ****

**FRI**
**A1**
Deliver by:
**18MAY07**

**TRK # 7981 7620 0468**

FORM
0201

**EWR**

**07974** -NJ-US

# SB KBCA

CLS022307

SUMM
Robert M. Murdock, Esq.
Nevada Bar No. 4013
MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563

Eckley M. Keach, Esq.
Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563
Attorneys for Plaintiffs

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JUDY A. NICHOL and LOUIS NICHOL, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BOULDER CITY HOSPITAL, INC.; DAVOL INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. BARD SALES REPRESENTATIVE; JOHN DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. A540792<br>Dept. No. VIII<br><br>**SUMMONS** |

**NOTICE: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT:

**Davol Inc., a subsidiary of**
**C.R. Bard, Inc., a Delaware corporation**
**c/o The Corporation Trust Company, Resident Agent**
**Corporation Trust Center, 1209 Orange Street**
**Wilmington, DE 19801**

1. A civil complaint has been filed by Plaintiff against you for the relief set forth in the complaint.

2. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

(a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

(b) Serve a copy of your response upon the attorney whose name and address is shown below.

3. Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

4. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

**CLERK OF COURT**

DISTRICT COURT SEAL
SALEVAO ASIFOA
MAY 08 2007

By ______________________________
Deputy Clerk — Date
Clark County Courthouse
200 Lewis Avenue
Las Vegas, NV 89155

Issued By:
MURDOCK & ASSOCIATES, CHTD.
ECKLEY M. KEACH, CHTD.

______________________________
Robert E. Murdock — Bar No. 4013
Eckley M. Keach — Bar No. 1154
520 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

# AFFIDAVIT OF SERVICE

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

________________________________, being first duly sworn, says: That at all times herein, affiliant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. This affiant received ______ copy(ies) of the Summons and Complaint on the ________ day of ________________, 2007, and served same on the ______ day of __________________, 2007, by delivering and leaving a copy with Defendant (Name): __________________________________________ at (address)________________________________________________________________.

________________________________________
Signature of Person Making Service

Subscribed and sworn to before me

this _____ day of ____________, 2007

______________________________
Notary Public

SUMM
Robert M. Murdock, Esq.
Nevada Bar No. 4013
MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563

Eckley M. Keach, Esq.
Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 384-5563
Attorneys for Plaintiffs

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JUDY A. NICHOL and LOUIS NICHOL, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BOULDER CITY HOSPITAL, INC.; DAVOL INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. BARD SALES REPRESENTATIVE; JOHN DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | A540796<br>Case No.<br>Dept. No. VIII<br><br>**S U M M O N S** |

**NOTICE: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**

**C.R. Bard, Inc., a New Jersey corporation**
**c/o Stephen J. Long, Resident Agent**
**730 Central Avenue**
**Murray Hill, NJ 07974**

1. A civil complaint has been filed by Plaintiff against you for the relief set forth in the complaint.

2. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

(a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

(b) Serve a copy of your response upon the attorney whose name and address is shown below.

3. Unless you respond, your default will be entered upon application of Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

4. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

**CLERK OF COURT**

SALEVAO ASIFOA
DISTRICT COURT SEAL

By ______________________ MAY 08 2007
Deputy Clerk Date
Clark County Courthouse
200 Lewis Avenue
Las Vegas, NV 89155

Issued By:
MURDOCK & ASSOCIATES, CHTD.
ECKLEY M. KEACH, CHTD.

______________________

Robert E. Murdock Bar No. 4013
Eckley M. Keach Bar No. 1154
520 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

# AFFIDAVIT OF SERVICE

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

______________________________, being first duly sworn, says: That at all times herein, affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. This affiant received ______ copy(ies) of the Summons and Complaint on the ________ day of ________________, 2007, and served same on the _____ day of __________________, 2007, by delivering and leaving a copy with Defendant (Name): ______________________________________________ at (address)__________________________________________________________________.

______________________________________
Signature of Person Making Service

Subscribed and sworn to before me

this ____ day of ____________, 2007

______________________________
Notary Public