Robert E. Murdock, Esq.
Nevada Bar No. 4013
MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
Las Vegas, NV 89101
(702) 384-5563

Eckley M. Keach, Esq.
Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
520 South Fourth Street
Las Vegas, NV 89101
(702) 384-5563
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDY A. NICHOL and LOUIS NICHOL, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BOULDER CITY HOSPITAL, INC.; DAVOL INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. SALES REPRESENTATIVE; JOHN DOES 1 through 10, Inclusive, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 07-CV-00731-BES-PAL<br><br>**PLAINTIFFS' MOTION TO REMAND PURSUANT TO 28 U.S.C. §1447** |

COMES NOW, Plaintiffs, Judy A. Nichol And Louis Nichol, husband and wife, by and through their attorneys, Murdock & Associates, Chtd., And Eckley M. Keach, Chtd., and hereby moves this Honorable Court pursuant to 28 U.S.C. §1447 to remand the above entitled action to the Eighth Judicial District Court for the State of Nevada, in and for the County of Clark.

///

///

This Motion is made and based upon the papers and pleadings on file herein, and the Points and Authorities attached hereto.

DATED this 6th day of June, 2007.

MURDOCK & ASSOCIATES, CHTD.
ECKLEY M. KEACH, CHTD.

Robert E. Murdock Bar No. 4013
Eckley M. Keach Bar No. 1154
520 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

## POINTS AND AUTHORITIES

As this Court is well aware, 28 U.S.C. §1447(c) allows for a motion to remand to be filed within thirty (30) days after the filing of the Notice of Removal under 28 U.S.C. §1446(a). The Court will take notice that Defendants' Notice of Removal was filed on June 5, 2007, and therefore Plaintiffs are well within the time required for filing a motion to remand.

In essence, Defendants claim that there is complete diversity despite the fact that there is clearly a Nevada resident, Boulder City Hospital, Inc., and a sales representative who was sued fictitiously. Defendants claim that the Hospital was misjoined because the Hospital's liability does not arise "out of the same transaction or occurrence." This is just flatly wrong.

Defendants C.R. Bard and Davol apparently manufactured a medical device known as a Composix Kugel hernia repair patch. Presumably, C.R. Bard/Davol has a sales representative who sold such and/or delivered such to Boulder City Hospital. Boulder City Hospital sold the patch to Plaintiffs. This is proven by the billing for the patch which is attached hereto as Exhibit "1." To be sure, Plaintiffs sued Boulder City Hospital for negligence. However, Boulder City Hospital is also in the chain of distribution for the product and therefore, is liable pursuant to Nevada law for strict product liability.

"Under the law of strict liability in [Nevada], responsibility for injuries caused by defective products is properly fixed wherever it will most effectively reduce the hazards to life and health

inherent in defective products that reach the market. Although manufacturers are not insurers of their products, where injury is caused by a defective product, responsibility is placed upon the manufacturer and the distributor of the defective product rather than on the injured consumer." *Allison v. Merck & Co.*, 878 P.2d 948, 952 (1994) (emphasis added). Under Nevada law, sellers can be strictly liable for products sold. *Id.* at 951, n. 1. All parties within the chain of distribution are potentially liable for product liability. *See, e.g.*, *Oak Grove Investors v. Bell & Gosset Co*, 99 Nev. 616, 668 P.2d 1075 (1983).

As the billing statement makes clear, Boulder City Hospital was in the chain of distribution because it sold the product to the consumer. Assuming the product was defective, Boulder City Hospital can be held liable based on product liability.

There is absolutely no misjoinder and/or fraudulent joinder in this case. Boulder City Hospital is in the chain of distribution and therefore there is no complete diversity in this case.

Defendants argue that they do not know the precise citizenship of Boulder City Hospital. Of course, all that was required to determine the precise citizenship was to actually look at the Nevada Secretary of State's website. According to the Nevada Secretary of State, Boulder City Hospital, Inc. is an active, domestic non-profit corporation in the State of Nevada and has been since 1954. *See* Exhibit 2 attached hereto. Accordingly, there is no complete diversity. Remand is required.

Notably, Defendants argue that the "Doe Davol/C.R. Bard Sales Representative" should be disregarded for purposes of removal. While certainly, 28 U.S.C. §1441(a) states such, C.R. Bard/Davol is the unique position of actually having knowledge as to who that person was and where his or her residency is. Thus, while the issue really does not matter anyway because of Boulder City Hospital's being in the chain of distribution and thus being a properly joined Defendant, thus destroying complete diversity, the fact is that C.R. Bard/Davol should at least be asked who this representative is, and where his or her citizenship is. It certainly would be interesting to find out if C.R. Bard/Davol is hiding a Nevada resident from this Court simply to allow removal. Of course, however, it doesn't matter

anyway.

As this Honorable Court is well aware, the Defendants may remove an action to Federal Court provided that no Defendant is a citizen of the state in which the action was brought. 28 U.S.C. §1441(a). Where there is no diversity, the case must be remanded. 28 U.S.C. §1447(c). The courts strictly construe the rule or statute against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (emphasis added) A removing party always has the burden of establishing that removal is proper, and courts resolve doubts as to removability in favor of remand. *Id.*; *see also, Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (holding that disputed questions of fact and all ambiguities in state law must be resolved in favor the non-removing party). Remand is required unless there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court. *See, Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).

As stated above, Boulder City Hospital is in the chain of distribution of the defective product in this matter. They sold the product to the ultimate consumer, Mrs. Nichol. The billings make this clear.

Accordingly, pursuant to 28 U.S.C. §1447, this Honorable Court is respectfully requested to remand the case to State Court immediately and to award attorney's fees and costs incurred as a result of the removal pursuant to 28 U.S.C. §1447.

Respectfully Submitted,

MURDOCK & ASSOCIATES, ~~CHTD~~
ECKLEY M. KEACH, CHTD.

Robert E. Murdock Bar No. 4013
Eckley M. Keach Bar No. 1154
520 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

EXHIBIT "1"

DATE 04/01/07 DEMAND BILL FROM HISTORY PAGE : 1

BOULDER CITY HOSPITAL INC
901 ADAMS BLVD
BOULDER CITY, NV 89005
702-293-4111

PATIENT/ADM#: 81963 /810397 NICHOL, JUDY A ADMISSION DATE: 04/21/06
GUARANTOR#: 905214 NICHOL, LOUIS DISCHARGE DATE: 04/23/06
DOCTOR#: 103 WALTON, CHARLES PAT AGE : 61
INS CODES: S1 BED#: A103-A PATIENT TYPE: 10 DRG#: LOS: 2

| DATE | CHARGE# | DESCRIPTION | REV | QTY | UNIT PRICE | CHARGE AMT |
|---|---|---|---|---|---|---|
| 04/21/06 | 3020062 | SEMI-PRIVATE/MS1 | 120 | 1 | 394.000 | 394.00 |
| 04/22/06 | 3020062 | SEMI-PRIVATE/MS1 | 120 | 1 | 394.000 | 394.00 |
| | | MEDICAL SURGICAL TELEDEPT TOTAL | : | 2 | | 788.00 |
| 04/21/06 | 3200031 | RECOVERY RM 1HR | 710 | 2 | 373.000 | 746.00 |
| | | RECOVERY ROOM DEPT TOTAL | : | 2 | | 746.00 |
| 04/21/06 | 3210073 | OPER ROOM 2.00 HR | 360 | 1 | 2865.000 | 2865.00 |
| 04/21/06 | 3210302 | SYRINGE IRRIGATION | 270 | 1 | 9.000 | 9.00 |
| 04/21/06 | 3210479 | SURGICAL MASK 02 | 270 | 1 | 29.000 | 29.00 |
| 04/21/06 | 3210602 | OXIMETER | 270 | 1 | 62.000 | 62.00 |
| 04/21/06 | 3210615 | SUTURE VICRYL (ALL) | 270 | 2 | 20.000 | 40.00 |
| * 04/21/06 | 3210675 | MESH KUGEL COMPOSIX | 270 | 1 | 1620.000 | 1620.00 |
| 04/21/06 | 3210717 | DRAPE IOBAN (ALL) | 270 | 1 | 39.000 | 39.00 |
| 04/21/06 | 3211169 | SPONGE LAP 18 X 18 | 270 | 2 | 10.000 | 20.00 |
| ./21/06 | 3211287 | GLOVE STERILE (ALL) | 270 | 5 | 20.000 | 100.00 |
| 04/21/06 | 3211292 | RAYTEX | 270 | 2 | 4.000 | 8.00 |
| 04/21/06 | 3211441 | SPONGE PEANUT | 270 | 1 | 7.000 | 7.00 |
| 04/21/06 | 3211458 | SUCTION TIP POOLE | 270 | 1 | 8.000 | 8.00 |
| 04/21/06 | 3211623 | SKIN STAPLER 25W | 270 | 1 | 53.000 | 53.00 |
| 04/21/06 | 3211664 | BOVIE UNIT | 270 | 1 | 352.000 | 352.00 |
| 04/21/06 | 3211755 | SURGICAL PREP TRAY | 270 | 1 | 34.000 | 34.00 |
| 04/21/06 | 3212217 | SUTURE PROLENE (ALL) | 270 | 1 | 12.000 | 12.00 |
| 04/21/06 | 3212480 | SUTURE ETHIBOND (ALL | 270 | 2 | 40.000 | 80.00 |
| 04/21/06 | 3213298 | GOWN STERILE (ALL) | 270 | 1 | 24.000 | 24.00 |
| 04/21/06 | 3213462 | SUCTION TUBING | 270 | 1 | 22.000 | 22.00 |
| 04/21/06 | 3213678 | R.R. MONTOR | 270 | 1 | 47.000 | 47.00 |
| 04/21/06 | 3213728 | SCRUB BRUSH | 270 | 3 | 2.000 | 6.00 |
| 04/21/06 | 3213884 | ANESTHESIA BREATHING | 270 | 1 | 111.000 | 111.00 |
| 04/21/06 | 3214247 | DRAPE SHEET TRANSVER | 270 | 1 | 46.000 | 46.00 |
| 04/21/06 | 3214536 | BOVIE EXT BLADE | 270 | 1 | 23.000 | 23.00 |
| 04/21/06 | 3214957 | SUTURE TIES (ALL) | 270 | 1 | 20.000 | 20.00 |
| 04/21/06 | 3215137 | BOVIE PAD | 270 | 1 | 21.000 | 21.00 |
| 04/21/06 | 3215151 | OXYGEN PER HOUR | 270 | 1 | 16.000 | 16.00 |
| 04/21/06 | 3215327 | UNDERPADS | 270 | 1 | 6.000 | 6.00 |
| 04/21/06 | 3215806 | PACK MAJOR | 270 | 1 | 141.000 | 141.00 |
| 04/21/06 | 3217002 | INST. SET MINOR | 270 | 1 | 150.000 | 150.00 |

# EXHIBIT "2"

# BOULDER CITY HOSPITAL, INC.

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 2/19/1954 |
| Type: | Domestic Non-Profit Corporation | Corp Number: | C115-1954 |
| Qualifying State: | NV | List of Officers Due: | 2/29/2008 |
| Managed By: | | Expiration Date: | |

## Resident Agent Information

| | | | |
|---|---|---|---|
| Name: | JOLLEY URGA WIRTH WOODBURY & STANDISH | Address 1: | 3800 HOWARD HUGHES PKWY 16TH FL |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89169 |
| Phone: | | Fax: | |
| Email: | | Mailing Address 1: | |
| Mailing Address 2: | | Mailing City: | |
| Mailing State: | | Mailing Zip Code: | |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

No stock records found for this company

## Officers

☐ Include Inactive Officers

**Secretary - MARIBETH CLARK**

| | | | |
|---|---|---|---|
| Address 1: | P O BOX 61225 | Address 2: | |
| City: | BOULDER CITY | State: | NV |
| Zip Code: | 89006 | Country: | |
| Status: | Active | Email: | |

**Director - MARIBETH CLARK**

| | | | |
|---|---|---|---|
| Address 1: | P O BOX 61225 | Address 2: | |
| City: | BOULDER CITY | State: | NV |
| Zip Code: | 89006 | Country: | |
| Status: | Active | Email: | |

**Treasurer - JO CLOW**

| | | | |
|---|---|---|---|
| Address 1: | 1439 BRONCO | Address 2: | |
| City: | BOULDER CITY | State: | NV |
| Zip Code: | 89005 | Country: | |
| Status: | Active | Email: | |

**Director - JO CLOW**

| | | | |
|---|---|---|---|
| Address 1: | 1439 BRONCO | Address 2: | |
| City: | BOULDER CITY | State: | NV |
| Zip Code: | 89005 | Country: | |
| Status: | Active | Email: | |

**President - WILLIAM MOORE**

| | | | |
|---|---|---|---|
| Address 1: | 1626 INDIAN WELLS | Address 2: | |
| City: | BOULDER CITY | State: | NV |
| Zip Code: | 89005 | Country: | |
| Status: | Active | Email: | |

**Director - WILLIAM MOORE**

| | | | |
|---|---|---|---|
| Address 1: | 1626 INDIAN WELLS | Address 2: | |