Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Attorneys for Defendants
Davol Inc. and C.R. Bard, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDY A. NICHOL and LOUIS NICHOL, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>BOULDER CITY HOSPITAL, INC.; DAVOL INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. BARD SALES REPRESENTATIVE; JOHN DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:07-cv-00731-BES-PAL<br><br>**ANSWER OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC. AND DEMAND FOR JURY TRIAL** |

Defendant Davol Inc. ("Davol) and Defendant C.R. Bard, Inc. ("Bard"), by and through their counsel of record, answers Plaintiffs' Complaint, paragraph by paragraph, as follows:

**GENERAL ALLEGATIONS**

1. Paragraph 1 states a legal conclusion to which no response is required. To

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

the extent a response is required, Defendants deny that Plaintiffs are entitled to any damages, fees, or costs.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Davol admits that it is a subsidiary of Bard and is incorporated under the laws of the State of Delaware, with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920. Answering further, Davol admits that at various times it has conducted business within Nevada.

6. Bard admits that it is incorporated under the laws of the State of New Jersey, with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Answering further, Bard admits that at various times it has conducted business within Nevada.

7. Paragraph 7 is directed to a fictitious defendant, and Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore deny same.

8. Paragraph 8 is directed to fictitious defendants, and Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore deny same.

9. Paragraph 9 is directed to fictitious defendants, and Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore deny same.

10. Paragraph 10 is directed to fictitious defendants, and Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore deny same.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore deny same. Answering further, Defendants admit that a limited, voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. These products have since been returned to the market with FDA approval.

14. The allegations in Paragraph 14 are directed to another party, and thus no response is required.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15.

**FIRST CAUSE OF ACTION**

**(Negligence)**

16. Defendants incorporate their responses to each of the foregoing paragraphs.

17. Davol admits that it designed, manufactured, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny the remaining allegations in Paragraph 17, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**SECOND CAUSE OF ACTION**

**(Strict Product Liability)**

23. Defendants incorporate their responses to each of the foregoing paragraphs.

24. Davol admits that it designed, manufactured, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny the remaining allegations in Paragraph 24, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore deny same.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

**THIRD CAUSE OF ACTION**

**(Negligent Design)**

31. Defendants incorporate their responses to each of the foregoing paragraphs.

32. Davol admits that it designed, manufactured, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny the remaining allegations in Paragraph 32, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

33. Defendants deny the allegations in Paragraph 33, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

34. Defendants deny the allegations in Paragraph 34, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

35. Defendants deny the allegations in Paragraph 35, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

**FOURTH CAUSE OF ACTION**

**(Failure to Warn)**

39. Defendants incorporate their responses to each of the foregoing paragraphs.

40. Defendants deny the allegations in Paragraph 40, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

**FIFTH CAUSE OF ACTION**

**(Misrepresentation)**

44. Defendants incorporate their responses to each of the foregoing paragraphs.

45. Davol admits that it designed, manufactured, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

accompanying labeling information. Defendants deny the remaining allegations in Paragraph 45, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

46. The allegations in Paragraph 46 are directed to another party, and thus no response is required.

47. Defendants deny the allegations in Paragraph 47, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

48. Defendants deny the allegations in Paragraph 48, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

**SIXTH CAUSE OF ACTION**

**(Express Warranty)**

51. Defendants incorporate their responses to each of the foregoing paragraphs.

52. Defendants deny the allegations in Paragraph 52, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

**SEVENTH CAUSE OF ACTION**

**(Implied Warranty Of Merchantability)**

55. Defendants incorporate their responses to each of the foregoing paragraphs.

56. Defendants deny the allegations in Paragraph 56, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

**EIGHTH CAUSE OF ACTION**

**(Implied Warranty of Fitness for a Particular Purpose)**

60. Defendants incorporate their responses to each of the foregoing paragraphs.

61. Defendants deny the allegations in Paragraph 61, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

62. Defendants deny the allegations in Paragraph 62, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

**NINTH CAUSE OF ACTION**

**(Punitive Damages)**

65. Defendants incorporate their responses to each of the foregoing paragraphs.

66. Defendants deny the allegations in Paragraph 66, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

67. Defendants deny the allegations in Paragraph 67, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

68. Defendants deny the allegations in Paragraph 68, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

69. Defendants deny the allegations in Paragraph 69, to the extent that those allegations are directed to Davol and Bard. To the extent the allegations are directed to other parties, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny same.

70. Paragraph 70 states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny all allegations of the Complaint that are not expressly admitted herein.

73. Defendants have been required to retain the services of attorneys to defend against this action, and have been damaged thereby, and are entitled to recover from Plaintiffs reasonable attorneys' fees and cost of suit.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint should be dismissed for insufficiency of process and/or insufficiency of service of process.

2. The Complaint, in whole or part, fails to state a claim or cause of action against Bard and Davol upon which relief can be granted.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Bard and Davol in whole or in part.

4. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Bard and Davol in whole or in part.

5. Plaintiffs' Complaint should be dismissed under the doctrine of *forum non conveniens*.

6. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiffs' claims in whole or in part.

7. The misuse or abnormal use of the product or the failure to follow instructions, by the Plaintiffs, or their agents, including the physicians, bar the Plaintiffs' claims in whole or in part.

8. If Plaintiffs used a product sold by Bard or Davol, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Bard and Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

10. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and their acts or omissions and therefore Plaintiffs' right to recover is barred or diminished in an amount based upon their individual relative degree of fault.

11. If Plaintiffs used a product sold by Bard or Davol, Plaintiffs used the product for off-label purposes, which bars the Plaintiffs' claims.

12. The learned intermediary doctrine bars Plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

applicable government safety standards, Nevada and Federal Statutes, and regulations and specifications.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including, but not limited to, Plaintiffs' pre-existing medical conditions.

17. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

20. Bard and Davol have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

21. Bard and Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Bard and Davol specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative/contributory negligence.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

23. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

24. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

26. The alleged product or products designed and/or manufactured by these answering Defendants, if any, were not known by these answering Defendants to be unreasonably dangerous and/or defective at the time they were designed or manufactured.

27. These answering Defendants allege that if said product was in any way defective, which is expressly denied, that said defect occurred at some time subsequent to leaving these Defendants' control, and as a result of the manner in which it was handled or used, over which these Defendants had no control.

28. Any product or products supplied by these answering Defendants, if any, were altered by parties either named or unnamed in this litigation to such an extent that no liability attaches to these answering Defendants.

29. These answering Defendants allege that if the product alleged in Plaintiffs' Complaint was in any way defective, the party using such product knew, or, with reasonable inspection, should have known of any defect and such party negligently and carelessly failed to discover and guard against said alleged defective condition, if any, and injuries sustained by Plaintiffs, if any, were caused by such party's negligent failure to discover and guard against said condition.

30. The alleged injuries and conditions were directly and proximately caused by other medical, physical, and/or emotional conditions of Plaintiffs wholly unrelated to the subject product.

Case 2:07-cv-00731-BES-PAL Document 7 Filed 06/12/2007 Page 12 of 13

31. The loss of consortium claim of Plaintiff Louis Nichol accrues from, and is a derivative of, the right to recovery of Plaintiff Judy A. Nichol. Therefore, the loss of consortium claim is dependant upon the claim of Plaintiff Judy A. Nichol.

32. The Complaint is barred, in whole or in part, by the doctrines of estoppel, waiver, and/or release.

33. The damages as alleged are speculative in nature, and are not reasonably certain, discernable, or calculable.

34. The claims are barred by, limited by, or otherwise subject to the provisions of the Contribution Among Tortfeasors Act, NRS 17.225 *et seq.*, and interpretive case law, and appropriate apportionments, offsets, reductions, credits, and determinations must be made if any damages are assessed.

35. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's and Davol's due process, equal protection and other rights under the United States Constitution, Nevada law, including, without limitation, NRS 42.005 *et seq.*, interpretive case law, and any other applicable law. These answering Defendants did not act in a fraudulent, malicious, or oppressive manner, nor did they act with an evil motive or an unconscionable disregard towards Plaintiffs.

36. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

37. Bard and Davol hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses, including, but not limited to, all other defenses set forth in Fed. R. Civ. P. 8 for the purpose of not waiving any such defense.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

/ / /

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

DATED this 12th day of June, 2007.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendant
Davol Inc. and C.R. Bard, Inc.

**CERTIFICATE OF SERVICE BY MAIL AND E-SERVICE**

I HEREBY CERTIFY that on this 12th day of June, 2007, a true copy of the foregoing **Answer of Defendant Davol Inc. and Defendant C.R. Bard, Inc. and Demand for Jury Trial** was mailed, postage prepaid, and sent electronically to the following:

Robert E. Murdock, Esq.
MURDOCK & ASSOCIATES, CHTD.
520 S. Fourth Street
Las Vegas, NV 89101
and
Eckley M. Keach, Esq.
ECKLEY M. KEACH, CHTD.
520 S. Fourth Street
Las Vegas, NV 89101
Attorneys for Plaintiffs

an employee of Smith Larsen & Wixom





SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006