Kim Irene Mandelbaum, Esq.
Nevada Bar No. 318
MANDELBAUM & SCHWARZ, LTD.
2012 Hamilton Lane
Las Vegas, Nevada 89106
(702) 367-1234
Attorneys for Defendant
BOULDER CITY HOSPITAL, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * *

| | |
|---|---|
| **JUDY A. NICHOL and LOUIS NICHOL, Husband and Wife,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**BOULDER CITY HOSPITAL, INC.; DAVOL, INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. BARD SALES REPRESENTATIVE; JOHN DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 through 10, inclusive,**<br><br>**Defendants.** | **CASE NO.: 2:07-CV-00731-BES-PAL** |

**DEFENDANT BOULDER CITY HOSPITAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Defendant, BOULDER CITY HOSPITAL, INC., by and through its counsel of record, KIM IRENE MANDELBAUM, ESQ., of the law firm of MANDELBAUM & SCHWARZ, LTD., and responds to the Complaint on file herein as follows:

**GENERAL ALLEGATIONS**

1. Answering Paragraph 1, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

2. Answering Paragraph 2, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

3. Answering Paragraph 3, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

4. Answering Paragraph 4, this answering Defendant admits that it is doing business in Boulder City, Nevada. As to the remainder of the allegations contained therein, this answering Defendant denies same.

5. Answering Paragraph 5, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

6. Answering Paragraph 6, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

7. Answering Paragraph 7, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

8. Answering Paragraph 8, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

9. Answering Paragraph 9, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

10. Answering Paragraph 10, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

11. Answering Paragraph 11, this answering Defendant admits that, according to the medical records, Plaintiff Judy Nichol underwent hernia repair surgery at Defendant's facility on or about April 21, 2006. This answering Defendant further admits that, according to the medical records, said surgery was performed by Charles B. Walton, M.D. As to the remainder of the allegations

contained therein, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of such allegations and, based upon such lack of information and belief, the same are hereby denied.

12. Answering Paragraph 12, this answering Defendant admits that, according to the medical records, Dr. Walton utilized a Bard Composix Kugel Hernia Repair Patch at the time of Plaintiff's surgery. As to the remainder of the allegations contained therein, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of such allegations and, based upon such lack of information and belief, the same are hereby denied.

13. Answering Paragraph 13, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

14. Answering Paragraph 14, this answering Defendant admits that a Bard Compsix Kugel Hernia Repair Patch had been recalled. As to the remainder of the allegations contained therein, the same are hereby denied.

15. Answering Paragraph 15, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

16. Answering Paragraph 16, this answering Defendant repeats each and every response to Paragraphs 1 through 15, inclusive, and incorporates the same by reference as though set forth fully herein.

17. Answering Paragraph 17, this answering Defendant denies each and every allegation contained therein.

18. Answering Paragraph 18, this answering Defendant denies each and every allegation contained therein.

19. Answering Paragraph 19, this answering Defendant denies each and every allegation contained therein.

20. Answering Paragraph 20, this answering Defendant denies each and every allegation contained therein.

21. Answering Paragraph 21, this answering Defendant denies each and every allegation contained therein.

22. Answering Paragraph 22, this answering Defendant denies each and every allegation contained therein.

**SECOND CAUSE OF ACTION**

**STRICT PRODUCT LIABILITY**

23. Answering Paragraph 23, this answering Defendant repeats each and every response to Paragraphs 1 through 22, inclusive, and incorporates the same by reference as though set forth fully herein.

24. Answering Paragraph 24, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

25. Answering Paragraph 25, this answering Defendant admits, based upon the medical records, that at the time of Plaintiff's surgery on or about April 21, 2006 a Bard Composix Kugel Hernia Repair Patch was utilized by the surgeon. As to the remainder of the allegations contained therein, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of such allegations and, based upon such lack of information and belief, the same are hereby denied.

26. Answering Paragraph 26, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

27. Answering Paragraph 27, this answering Defendant denies each and every allegation contained therein.

28. Answering Paragraph 28, this answering Defendant denies each and every allegation contained therein.

29. Answering Paragraph 29, this answering Defendant denies each and every allegation

contained therein.

30. Answering Paragraph 30, this answering Defendant denies each and every allegation contained therein.

**THIRD CAUSE OF ACTION**

**NEGLIGENT DESIGN**

31. Answering Paragraph 31, this answering Defendant repeats each and every response to Paragraphs 1 through 30, inclusive, and incorporates the same by reference as though set forth fully herein.

31. Answering Paragraph 31, this answering Defendant denies each and every allegation contained therein.

32. Answering Paragraph 32, this answering Defendant denies each and every allegation contained therein.

33. Answering Paragraph 33, this answering Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34, this answering Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35, this answering Defendant denies each and every allegation contained therein.

36. Answering Paragraph 36, this answering Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37, this answering Defendant denies each and every allegation contained therein.

38. Answering Paragraph 38, this answering Defendant denies each and every allegation contained therein.

**FOURTH CAUSE OF ACTION**

**FAILURE TO WARN**

39. Answering Paragraph 39, this answering Defendant repeats each and every response to Paragraphs 1 through 38, inclusive, and incorporates the same by reference as though set forth fully

herein.

40. Answering Paragraph 40, this answering Defendant denies each and every allegation contained therein.

41. Answering Paragraph 41, this answering Defendant denies each and every allegation contained therein.

42. Answering Paragraph 42, this answering Defendant denies each and every allegation contained therein.

43. Answering Paragraph 43, this answering Defendant denies each and every allegation contained therein.

**FIFTH CAUSE OF ACTION**

**MISREPRESENTATION**

44. Answering Paragraph 44, this answering Defendant repeats each and every response to Paragraphs 1 through 43, inclusive, and incorporates the same by reference as though set forth fully herein.

45. Answering Paragraph 45, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

46. Answering Paragraph 46, this answering Defendant admits that it operates a hospital open to the public. As to the remainder of the allegations contained therein, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of such allegations and, based upon such lack of information and belief, the same are hereby denied.

47. Answering Paragraph 47, this answering Defendant denies each and every allegation contained therein.

48. Answering Paragraph 48, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

49. Answering Paragraph 49, this answering Defendant denies each and every allegation contained therein.

50. Answering Paragraph 50, this answering Defendant denies each and every allegation contained therein.

**SIXTH CAUSE OF ACTION**

**EXPRESS WARRANTY**

51. Answering Paragraph 51, this answering Defendant repeats each and every response to Paragraphs 1 through 50, inclusive, and incorporates the same by reference as though set forth fully herein.

52. Answering Paragraph 52, this answering Defendant denies each and every allegation contained therein.

53. Answering Paragraph 53, this answering Defendant denies each and every allegation contained therein.

54. Answering Paragraph 54, this answering Defendant denies each and every allegation contained therein.

**SEVENTH CAUSE OF ACTION**

**IMPLIED WARRANTY OF MERCHANTABILITY**

55. Answering Paragraph 55, this answering Defendant repeats each and every response to Paragraphs 1 through 54, inclusive, and incorporates the same by reference as though set forth fully herein.

56. Answering Paragraph 56, this answering Defendant denies each and every allegation contained therein.

57. Answering Paragraph 57, this answering Defendant denies each and every allegation contained therein.

58. Answering Paragraph 58, this answering Defendant denies each and every allegation contained therein.

59. Answering Paragraph 59, this answering Defendant denies each and every allegation contained therein.

///

///

## EIGHTH CAUSE OF ACTION

## IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

60. Answering Paragraph 60, this answering Defendant repeats each and every response to Paragraphs 1 through 59, inclusive, and incorporates the same by reference as though set forth fully herein.

61. Answering Paragraph 61, this answering Defendant denies each and every allegation contained therein.

62. Answering Paragraph 62, this answering Defendant is without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

63. Answering Paragraph 63, this answering Defendant denies each and every allegation contained therein.

64. Answering Paragraph 64, this answering Defendant denies each and every allegation contained therein.

## NINTH CAUSE OF ACTION

## PUNITIVE DAMAGES

65. Answering Paragraph 65, this answering Defendant repeats each and every response to Paragraphs 1 through 64, inclusive, and incorporates the same by reference as though set forth fully herein.

66. Answering Paragraph 66, this answering Defendant denies each and every allegation contained therein.

67. Answering Paragraph 67, this answering Defendant denies each and every allegation contained therein.

68. Answering Paragraph 68, this answering Defendant denies each and every allegation contained therein.

69. Answering Paragraph 69, this answering Defendant denies each and every allegation contained therein.

70. Answering Paragraph 70, this answering Defendant denies each and every allegation

contained therein.

71. Answering Paragraph 71, this answering Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant alleges that in all medical attention and care rendered to the Plaintiff said Defendant possessed and exercised that degree of skill and learning ordinarily possessed and exercised by members of the medical profession in good standing practicing in similar localities and that at all times said Defendant used reasonable care and diligence in the exercise of his skill and application of his learning, and at all times acted in accordance with his best judgment.

3. Defendant alleges that any injuries or damages allegedly sustained or suffered by the Plaintiff at the times and places referred to in the Complaint were caused, in whole or in part, or were contributed to by the negligence or fault or want of care of the Plaintiff, and the fault and want of care on the part of the Plaintiff was greater than that, if any, of this answering Defendant.

4. Defendant alleges that it made, consistent with good medical practice, a full and complete disclosure to the Plaintiff of all material facts known to it or reasonably believed by it to be true concerning the Plaintiff's physical condition and the appropriate alternative procedures available for treatment of such condition. Further, each and every service rendered to the Plaintiff by Defendant was expressly and impliedly consented to and authorized by the Plaintiff on the basis of said full and complete disclosure.

5. Defendant alleges that it is entitled to a conclusive presumption of informed consent pursuant to NRS 41A.110.

6. Defendant alleges that the Complaint is barred by the applicable statute of limitations.

7. Defendant alleges that Plaintiff assumed the risks of the procedures performed on her.

8. Defendant alleges that the injuries and damages, if any, complained of by the Plaintiff were caused by forces of nature over which Defendant had no responsibility, liability or control.

9. Defendant alleges that Plaintiffs have failed to mitigate their damages.

10. Defendant alleges that the injuries and damages, if any, allegedly by the Plaintiffs were caused in whole or in part by the actions of third parties over whom this answering Defendant had no liability, responsibility or control.

11. Defendant alleges that the injuries and damages, if any, complained of by the Plaintiffs were unforeseeable.

12. Defendant alleges that the injuries and damages, if any, complained of by the Plaintiffs were not proximately caused by any acts and/or omissions on the part of this answering Defendant.

13. Plaintiffs' Complaint violates the Statute of Frauds.

14. Defendant alleges that pursuant to Nevada law it would not be jointly liable and that if liability is imposed, such liability would be several for that portion of the Plaintiffs' damages, if any, that represents the percentage attributed to it.

15. Defendant alleges that at all times mentioned in Plaintiffs' Complaint, Plaintiffs were suffering from a disease process which is one that this Defendant did not cause, nor was this Defendant responsible for said disease process.

16. Defendant alleges that the injuries and damages, if any, suffered by the Plaintiff were caused by new, independent, intervening and superseding causes and not by Defendant's alleged negligence or other actionable conduct, the existence of which is specifically denied.

17. Defendant is not guilty of fraud, oppression or malice, express or implied, in connection with the care rendered to Plaintiff.

18. This answering Defendant alleges that the Complaint fails to support a claim for punitive or exemplary damages as pled.

Defendant expressly reserves the right to assert additional or different Affirmative Defenses as the investigation and discovery into this matter continues.

WHEREFORE, this answering Defendant prays that Plaintiffs take nothing by way of their Complaint, that the Complaint be dismissed with prejudice and that the Court order fees and expenses as deemed appropriate.

///

///

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendant hereby demands a trial by jury as to all issues.

DATED this 21st day of June, 2007

MANDELBAUM & SCHWARZ, LTD.

By [signature]

KIM IRENE MANDELBAUM, ESQ.
Nevada Bar No. 00318
2012 Hamilton Lane
Las Vegas, Nevada 89106
Attorneys for Defendant
BOULDER CITY HOSPITAL, INC.

Case 2:07-cv-00731-BES-PAL Document 15 Filed 06/21/2007 Page 12 of 12

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June, 2007, I forwarded a copy of the above and foregoing **ANSWER TO PLAINTIFFS' COMPLAINT** as follows:

X by depositing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, enclosed in a sealed envelope; or

_____ by facsimile transmission as indicated below; or

_____ both U.S. Mail and facsimile TO:

Robert E. Murdock, Esq.
MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
Las Vegas, Nevada 89101
FAX # 384-4570

and

Eckley M. Keach, Esq.
ECKLEY M. KEACH, CHTD.
520 South Fourth Street
Las Vegas, Nevada 89101
FAX # 383-5960
Attorneys for Plaintiffs

Jason S. Wilcock, Esq.
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
FAX # 252-5006
Attorneys for C.R. Bard, Inc.

Marcy Matleson
An employee of Mandelbaum Schwarz