Robert E. Murdock, Esq.
Nevada Bar No. 4013
MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
Las Vegas, NV 89101
(702) 384-5563

Eckley M. Keach, Esq.
Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
520 South Fourth Street
Las Vegas, NV 89101
(702) 384-5563
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JUDY A. NICHOL and LOUIS NICHOL, husband and wife,

Plaintiffs,

vs.

BOULDER CITY HOSPITAL, INC.; DAVOL INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. SALES REPRESENTATIVE; JOHN DOES 1 through 10, Inclusive, and ROE CORPORATIONS 1 through 10, inclusive,

Defendants.

Case No. 07-CV-00731-BES-PAL

**PLAINTIFFS' REPLY TO DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

COMES NOW, Plaintiffs, Judy A. Nichol And Louis Nichol, husband and wife, by and through their attorneys, Murdock & Associates, Chtd., and Eckley M. Keach, Chtd., and hereby submit their Reply to Defendant Davol Inc.'s and Defendant C.R. Bard, Inc.'s Opposition to Plaintiffs' Motion to Remand.

This Reply is made and based upon the attached Points and Authorities, all pleadings and papers on file herein, and the arguments of counsel.

DATED this 10th day of July, 2007.

MURDOCK & ASSOCIATES, CHTD.
ECKLEY M. KEACH, CHTD.

| | |
|---|---|
| Robert E. Murdock | Bar No. 4013 |
| Eckley M. Keach | Bar No. 1154 |

520 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

**POINTS AND AUTHORITIES**

Contrary to the arguments by Defendants Davol Inc. and C. R. Bard, Inc., the facts and circumstances which give rise to Plaintiffs' causes of action in the instant case are completely different and distinct from the drug cases relied upon by Defendants. In **Greene v. Wyeth**, 344 F. Supp. 2d 674 (D. Nev. 2004), "individual circumstances, actions, and omissions were involved in the plaintiff's choice to ingest the medication, as well as each defendant's role in, and responsibility for, that decision. **Id., 344 F. Supp. 2d at 684.** There are no other "circumstances, actions, and omissions" involved in Mrs. Nichol's claims against all of the Defendants. In this case, Mrs. Nichol required a hernia repair surgery at Boulder City Hospital. During the surgery, Dr. Walton implanted the Bard Composix Kugel Hernia Repair Patch. There were problems with this patch that were known by the Defendants, and it had been recalled by Davol and Bard. Boulder City Hospital knew, or should have known, of the recall yet failed to warn and inform Dr. Walton of the defective patch and provided the patch to Dr. Walton for implantation into Mrs. Nichol. Mrs. Nichol was the ultimate purchaser of the

patch from Boulder City Hospital. These facts are set forth in Paragraphs 11 through 15 of Plaintiffs' Complaint.

Nevada is a notice pleading state. The facts set forth in the Complaint clearly state a cause of action for products liability against the manufacturer, Defendants Davol Inc. and C.R. Bard, Inc., and the seller, Boulder City Hospital, Inc. In their Opposition, Defendants Davol, Inc. and C.R. Bard, Inc. disingenuously argue to this Court that the strict product liability cause of action set forth in the Second Cause of Action of Plaintiffs' Complaint is not alleged against Boulder City Hospital.

A review of the Second Cause of Action, which are Paragraphs 23 through 30, shows the following. In Paragraph 23, all of the prior paragraphs are incorporated. That includes Paragraphs 11 through 15 which are outlined above. Paragraph 24 discusses the role of the manufacturer. Paragraphs 25 and 26 describe the fact that Plaintiff was implanted with the patch and the fact the patch was recalled. Paragraph 27 states:

> "As a direct and proximate result of the defective design and manufacturing of the Bard Composix Kugel Hernia Repair Patch, which defects exists at the time the Bard Composix Kugel Hernia Repair Patch left the hands of the manufacturer and distributor, **and as a result of the conduct of defendants, and each of them**, the Bard Composix Kugel Hernia Repair Patch failed to perform in the manner to be reasonably expected, causing injury to plaintiff Judy A. Nichol, all to her damage in an amount in excess of $10,000.00." (Emphasis added).

Paragraph 27 could not be clearer. As "a result of conduct of defendants, and each of them," refers to **all of the Defendants**, Boulder City Hospital included. Paragraph 28 begins "as a direct and proximate result of the conduct of Defendants, and each of them…," Plaintiffs suffered damages. The same allegations are made in Paragraph 29.

Similarly, with regard to the Fourth Cause of Action for failure to warn, the Fifth Cause

for misrepresentation, the Sixth, Seventh and Eighth Causes of Action regarding warranties, Plaintiffs' claims are against **all** the Defendants, both the manufacturer and the distributor. Plaintiffs' products liability claim is defined in terms of several causes of action, as outlined above. All of those theories of products liability -- strict liability, failure to warn, and breach of warranties -- apply to the manufacturer and the distributor. All of these products liability claims are against Davol, Inc. and C.R. Bard, Inc., as well as Boulder City Hospital, Inc. And, most importantly, all of these claims arise out of a simple, singular set of facts, transactions and occurrences. The entire case arises out of Boulder City Hospital selling and providing the patch for implantation into Mrs. Nichol, which patch was defective and caused Mrs. Nichol substantial and serious damage and injury.

Defendants Davol, Inc. and C.R. Bard, Inc. argue that somehow this Court can separate the claims against Boulder City Hospital, Inc. from the claims against Davol, Inc. and C.R. Bard, Inc. Of course, it is obvious that such is impossible. If this Court were to sever Plaintiffs' claims against Boulder City Hospital from those against Davol, Inc. and C.R. Bard, Inc., then Plaintiffs would be required to prosecute all of the products liability claims against Boulder City Hospital, Inc. in State Court, and prosecute the **exact same** products liability claims against Davol, Inc. and C.R. Bard, Inc. in Federal Court. This result is not allowed.

In essence, Defendants Davol, Inc. and C.R. Bard, Inc. are asking this Court to state, as a matter of law, that Plaintiffs' claims against Boulder City Hospital for products liability must be dismissed. Defendants Davol, Inc. and C.R. Bard, Inc. essentially are seeking summary judgment on the issue of whether Boulder City Hospital can be held liable for products liability in this case. Defendants Davol, Inc. and C.R. Bard, Inc. are asking this Court to find that, as a matter of law, based upon their Motion, without more, "that there is no genuine issue as to any

material fact and that moving party is entitled to a judgment as a matter of law." FRCP 56(c). Defendants Davol, Inc. and C.R. Bard, Inc. have cleverly disguised a motion for summary judgment as an opposition to a motion for remand.

It is absolutely clear that diversity does not exist in this case. The products liability claims which are asserted against Defendants Davol, Inc. and C.R. Bard, Inc. are similarly asserted against Defendant Boulder City Hospital, Inc., in a half a dozen separate causes of action. 28 U.S.C. §1447(c) makes it clear that when there is not complete diversity, the case must be remanded. More importantly, the Motion for Remand must be granted "if there is any doubt as to the right of removal in the first instance." **Gaus v. Miles, Inc.**, 980 F.2d 564 at 566 (9th Cir. 1992).

It is respectfully requested that this Honorable Court grant Plaintiffs' Motion for Remand to the Eighth Judicial District Court of the State of Nevada. It is further requested that this Court enter its Order of Remand expeditiously to avoid any further delay, to allow the parties to engage in pre-trial discovery, and so that this matter may ultimately proceed to trial in a fair and timely manner. Finally, it is respectfully requested that this Honorable Court award attorney's fees and costs as a result of the improper removal by Defendants Davol, Inc. and C.R. Bard, Inc.

DATED this 10th day of July, 2007.

Respectfully Submitted,

MURDOCK & ASSOCIATES, CHTD.
ECKLEY M. KEACH, CTHD.

Robert E. Murdock Bar No. 4013
Eckley M. Keach Bar No. 1154
520 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs