Robert E. Murdock, Esq.
Nevada Bar No. 4013
MURDOCK & ASSOCIATES, CHTD.
520 South Fourth Street
Las Vegas, NV 89101
(702) 384-5563

Eckley M. Keach, Esq.
Nevada Bar No. 1154
ECKLEY M. KEACH, CHTD.
520 South Fourth Street
Las Vegas, NV 89101
(702) 384-5563
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDY A. NICHOL and LOUIS NICHOL, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BOULDER CITY HOSPITAL, INC.; DAVOL INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. SALES REPRESENTATIVE; JOHN DOES 1 through 10, Inclusive, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 07-CV-00731-BES-PAL<br><br>**PLAINTIFFS' OPPOSITION DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS' MTOION TO REMAND** |

COMES NOW, Plaintiffs, Judy A. Nichol And Louis Nichol, husband and wife, by and through their attorneys, Murdock & Associates, Chtd., and Eckley M. Keach, Chtd., and hereby submit their Opposition to Defendant Davol Inc.'s and Defendant C.R. Bard, Inc.'s Motion for Leave to File Notice of Supplemental Authority in Opposition to Plaintiffs' Motion

to Remand.

This Opposition is made and based upon the attached Points and Authorities, all pleadings and papers on file herein, and the arguments of counsel.

DATED this 24th day of July, 2007.

MURDOCK & ASSOCIATES, CHTD.
ECKLEY M. KEACH, CHTD.

Robert E. Murdock Bar No. 4013
Eckley M. Keach Bar No. 1154
520 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

**POINTS AND AUTHORITIES**

Defendants state that the United States District Court for the District of Minnesota's opinion in **In Re: Guidant Corp. Implantable Defibrillators Productions Liability Litigation**, 0:05-md-01708-DWF-AJB (D. Minn.) "addresses the very issue now before this Court." Defendants' Motion for Leave at 2. What Defendants specifically do not understand is the clear and absolute difference between the instant case and the case in Minnesota. The plaintiff in the case in Minnesota filed a malpractice case against the hospital. He did not file a products liability claim against the hospital. The only cause of action was malpractice.

In the case at bar, Plaintiffs Judy A. Nichol and Louis Nichol clearly have filed a products liability case against Boulder City Hospital. As such, it arises from the very same issues of fact and law. The Hospital is clearly within the chain of distribution and this matter has been fully briefed. **See** Plaintiffs' Motion to Remand and Plaintiffs' Reply to Defendants'

Opposition to Plaintiffs' Motion to Remand.

This Court's attention is drawn to page 11 of the Minnesota opinion wherein it states:

> "BSC and Guidant contend that the claims arising out of St. Anthony's treatment do not arise out of the same transaction or occurrence as the claims against BSC and Guidant because the claims against St. Anthony's are based on medical negligence while the claims against BSC and Guidant are based on product liability."

The Court continued, at page 12:

> "The joinder of the malpractice claim against St. Anthony's with the other product liability claims was inappropriate because the claims do not both involve common questions of law or fact and assert joint, several, or alternative liability 'arising out of the same transaction, occurrence, or series of transactions or occurrences.' Fed. R. Civ. P. 20(b)."

In the case at bar, Plaintiffs have made claim against Boulder City Hospital is for products liability. **See** Plaintiffs' Complaint at ¶23-30. **See, also,** Plaintiffs' Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action. Hence, the claims clearly arising out of the same transaction or occurrence. Moreover, the claims clearly involve common questions of law or fact. This includes strict liability, failure to warn and breach of warranties. Indeed, the only different cause of action regarding Defendants Davol, Inc. and C.R. Bard is one for design defect. Otherwise, **all** of the Defendants were sued for products liability. The Hospital is just as liable for product liability as C.R. Bard and Davol because they are in the chain of distribution. There can be no doubt but that Boulder City Hospital was joined appropriately.

///

///

///

///

This Court should remand the entire matter to State Court because the removal was inappropriate.

DATED this 24th day of July, 2007.

Respectfully Submitted,

MURDOCK & ASSOCIATES, CHTD.
ECKLEY M. KEACH, CTHD.

Robert E. Murdock Bar No. 4013
Eckley M. Keach Bar No. 1154
520 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs