Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006

Kirby T. Griffis, Esq.
District of Columbia Bar No. 453091
Michael L. Junk, Esq.
District of Columbia Bar No. 476886
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, DC 20005
Tel: (202) 898-5876
Fax: (202) 682-1639

Attorneys for Defendants
Davol Inc. and C.R. Bard, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDY A. NICHOL and LOUIS NICHOL, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>BOULDER CITY HOSPITAL, INC.; DAVOL INC., a subsidiary of C.R. BARD, INC., a Delaware corporation; C.R. BARD, INC., a New Jersey corporation; DOE DAVOL/C.R. BARD SALES REPRESENTATIVE; JOHN DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:07-cv-00731-BES-PAL<br><br>**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** |

Contrary to the arguments set out in Plaintiffs' Motion to Remand, Defendants' removal of this case is not "flatly wrong" (Mot. to Remand 2), nor is it without precedent. Plaintiffs' lawsuit impermissibly joins medical malpractice claims against one non-diverse defendant, Boulder City Hospital ("the Hospital"), with product liability claims against two diverse defendants, Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard"), in an apparent effort to destroy this Court's diversity jurisdiction. However, the doctrine of procedural misjoinder – previously applied by the District of Nevada and numerous other courts in analogous removal contexts – trumps Plaintiffs' argument and prevents any attempted forum manipulation. Employing this doctrine, the Court may assume and then retain jurisdiction over the product liability claims brought against the diverse defendants, Davol and Bard, and sever and remand the separate and distinct medical malpractice claims stated against the Hospital, the only non-diverse defendant. Once it does so, the Court will perfect its diversity jurisdiction over Plaintiffs' action. For this reason, Plaintiffs' Motion to Remand should be denied.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

## Introduction

Plaintiffs commenced this action on or about May 8, 2007, with the filing of their Complaint in the Eighth Judicial District Court for Clark County, Nevada. Plaintiffs' Complaint contains nine separate causes of action and seeks recovery for injuries and damages allegedly sustained as a result of Plaintiff Judy A. Nichol's use of a Composix® Kugel® Patch. The Composix® Kugel® Patch is a medical device manufactured and sold by Davol, a wholly-owned subsidiary of Bard. Ms. Nichol apparently received the Composix® Kugel® Patch in conjunction with a hernia operation that was performed by Dr. Charles B. Walton at Boulder City Hospital on or about April 21, 2006. (*See* Compl. ¶¶ 11-12.) Plaintiffs allege that the Composix® Kugel® Patch that Ms. Nichol received was recalled by Davol and Bard in January 2006. (*See id.* ¶ 13.) Plaintiffs further allege that the Hospital knew or should have known of this recall, but it failed

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

to inform Ms. Nichol's implanting surgeon, Dr. Walton, prior to his use of the Composix® Kugel® Patch with Ms. Nichol several months later. (*See id.* ¶ 14). Ultimately, Plaintiffs claim that Ms. Nichol has suffered various physical injuries resulting from her use of the recalled Composix® Kugel® Patch. (*See id.* ¶ 26.)

On June 5, 2007, Davol and Bard timely removed Plaintiffs' action to this Court on the grounds that Plaintiffs had misjoined their medical malpractice claims against the Hospital with their product liability claims against Davol and Bard. Under the doctrine of procedural misjoinder, this Court may disregard the citizenship of the Hospital, the sole non-diverse defendant, for purposes of its jurisdictional analysis. This is so because the medical malpractice claims against the Hospital are misjoined, in that they arise out of transactions and/or occurrences separate and apart from those that give rise to Plaintiffs' product liability claims against Davol and Bard. *See* Fed. R. Civ. P. 20(a) ("All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.").[1] Consequently, Plaintiffs' claims against the Hospital should be severed from this action. *See* Fed. R. Civ. P. 21 ("Misjonder and Non-Joinder of Parties") ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."). Once the misjoined claims against the Hospital are severed from

[1] The Nevada joinder rule is identical to Rule 20 of the Federal Rules of Civil Procedure. *See* NRCP 20(a) ("All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.").

this action, the Court will have jurisdiction over the product liability claims between completely diverse parties. *See* 28 U.S.C. § 1332(a).[2]

**I. Plaintiffs' Motion To Remand Ignores Relevant Authority From This District That Justifies Removal Based Upon The Doctrine Of Misjoinder.**

In their Motion to Remand, Plaintiffs insist that, because their Complaint joined claims against the Hospital with their product liability claims against Davol and Bard, this action *ipso facto* eludes this Court's diversity jurisdiction. But Plaintiffs' argument misses the mark, for although it effectively points out the obvious fact that the Hospital was joined, it altogether fails to address the *propriety* of that joinder in the first instance. And, as for the propriety of Plaintiffs' joinder of parties and claims, Plaintiffs cite not a single case in support of their arguments. (*See* Mot. to Remand 2 (stating without elaboration or citation that "Defendants claim that the Hospital was misjoined because the Hospital's liability does not arise 'out of the same transaction or occurrence.' This is just flatly wrong."); *id.* 3 (stating without elaboration or citation that "[t]here is absolutely no misjoinder and/or fraudulent joinder in this case").)

Indeed, Plaintiffs' Motion to Remand ignores persuasive authority from the District of Nevada, as initially cited in Davol's and Bard's Notice of Removal, that analyzes, applies, and upholds the doctrine of misjoinder in a nearly identical context. In *Greene v. Wyeth*, 344 F. Supp. 2d 674 (D. Nev. 2004), the plaintiff's state court complaint joined product liability claims against the manufacturer of Fen-Phen with medical malpractice claims against a prescribing physician. The manufacturer-defendant removed the case to federal court, arguing in part that the product liability claims stated against the diverse manufacturer-defendant were misjoined with the medical malpractice claims brought against the non-diverse physician-defendant. The

[2] There is no dispute that complete diversity of citizenship exists between Plaintiffs Judy A. Nichol and Louis Nichol and Defendants Davol and Bard.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

District Court agreed with this notion, finding that although the "claims against the [manufacturer-d]efendant[] may regard the 'same transaction or occurrence' – *i.e.*, the manufacture and marketing of Fen-Phen – this characterization of the complaint would not apply equally to the physician . . . who [was] joined as [a d]efendant." *Id.* at 683. This Court reasoned that "the only common attribute among the . . . claims against the [manufacturer-d]efendants and those against the non-diverse [physician-d]efendant[] is that . . . [the p]laintiff ultimately ingested Fen-Phen due to the alleged actions of one or more of these [d]efendants. Individual circumstances, actions, and omissions were involved in [the p]laintiff's choice to ingest the medication, as well as each [d]efendant's role in, and responsibility for, that decision." *Id.* at 683-84. In light of this tenuous connection between the claims, the court found that the claims did not arise out of the same transaction or occurrence and the parties were therefore procedurally misjoined. *See id.* at 684 (citing, *inter alia*, *Lee v. Mann*, 51 Va. Cir. 465, 2000 WL 724046, at *2 (Va. Cir. Ct. April 5, 2000) (holding that claims against a drug manufacturer and a malpractice claim against a prescribing physician did "not arise out of the same 'transaction or occurrence'")); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001) (finding, *inter alia*, that plaintiff's "additional claims against the health care provider for negligent administration of [the drug] after its withdrawal from the market do not arise out of the same transaction or occurrence as the claims against the drug manufacturer[] for negligent marketing and distribution and failure to warn").

The rationale underlying the District Court's decision in *Greene* applies with equal force here to thwart Plaintiffs' Motion to Remand. Plaintiffs' product liability claims against Davol and Bard – all premised upon Defendants' alleged failure to properly design, manufacture, and/or warn about their product – arise from occurrences and transactions wholly independent of Plaintiffs' claims against the Hospital. The facts and allegations set out in Plaintiffs' Complaint

prove the point. For, unlike the claims stated against Davol and Bard, Plaintiffs do not seek to hold the Hospital liable for its participation in the design, manufacture, or marketing of Defendants' product. Instead, Plaintiffs' claims against the Hospital sound in medical malpractice and are based upon the Hospital's alleged failure to heed a recall notice issued by Davol and Bard. (*See* Compl. ¶ 14; Aff. of David Anaise, M.D. (affidavit attached to Plaintiffs' Complaint in compliance with medical malpractice statute, NRS 41A.071 (2002), concluding "that the patch inserted into Mrs. Nichol in April of 2006 was actually recalled one month earlier.").) In this way, Plaintiffs' claims against the Hospital are temporally, factually, and legally distinct from the product liability claims brought against Davol and Bard. Indeed, the "only common attribute" between the claims is that Plaintiff Judy Nichol ultimately received a Composix® Kugel® Patch "due to the alleged actions of one or more" of the Defendants; but, as this Court found in *Greene*, Plaintiffs' claims against the Hospital, Davol, and Bard lack sufficient nexus to either justify joinder of the parties in one suit or prevent this Court from implementing its federal diversity jurisdiction. *See Greene*, 344 F. Supp. 2d at 683.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

## II. Plaintiffs Do Not And Cannot State "Strict Product Liability" Claims Against The Hospital.

Any argument that Plaintiffs assert anything other than separate and distinct medical malpractice claims against the Hospital is contradicted by a plain reading of Plaintiffs' Complaint and further rebutted with reference to settled tort law principles. In their Motion to Remand, Plaintiffs argue that "Boulder City Hospital . . . is liable pursuant to Nevada law for strict product liability" (Mot. to Remand 2) in a transparent attempt to tie their medical malpractice claims to the product liability claims stated against Davol and Bard. But Plaintiffs' newfound "strict product liability" claims against the Hospital find no support in either Plaintiffs' pleadings or Nevada law. Plaintiffs' "strict product liability" claims are neatly

encapsulated in Plaintiffs' "Second Cause of Action," and that eight-paragraph count in Plaintiffs' Complaint conspicuously omits any mention of the Hospital. (*See* Compl. ¶¶ 23-30.) In fact, Plaintiffs' strict product liability claims are asserted against Davol and Bard as "the manufacturers, designers, suppliers, assemblers, distributors, sellers, inspectors, marketers, warranters and/or advertisers of" the Composix® Kugel® Patch. (*Id.* ¶ 24.)

Although inconsistent with the arguments now raised in support of Plaintiffs' Motion to Remand, Plaintiffs' pleadings are consistent with settled tort law principles. Nevada, like nearly every other jurisdiction, does not shoulder medical providers like the Hospital with the burden of strict product liability claims, because hospitals simply are not in the business of selling products – like the Composix® Kugel® Patch – but instead offer medical services to their patients. *See, e.g., Allison v. Merck and Co., Inc.*, 878 P.2d 948, 951 n.1 (Nev. 1994) (holding that Clark County Health District (now the Southern Nevada Health District) was not a "seller of products" and therefore could not be liable under product liability theory for administration of allegedly defective vaccine to patient); *Calloway v. City of Reno*, 993 P.2d 1259, 1272 (Nev. 2000) ("Although a contractor may, as part of a construction or remodeling project, install certain products, a contractor, without doing more, is not engaged in the business of 'manufacturing' or selling such products and therefore does not come within the ambit of [Restatement (Second) of Torts] section 402A."), *overruled on other grounds*, *Olson v. Richard*, 89 P.3d 31 (Nev. 2004); *see also Hollander v. Sandoz Pharmaceuticals Corp.*, 289 F.3d 1193, 1217 n.22 (10th Cir. 2002) (finding that Oklahoma law would not apply strict liability principles to claims against hospitals involving allegedly defective prescription pharmaceuticals); *Budding v. SSM Healthcare Sys.*, 19 S.W.3d 678, 680 (Mo. 2000) (holding that hospital cannot be held liable under strict product liability regime); *Royer v. Catholic Med. Ctr.*, 741 A.2d 74, 76 (N.H. 1999) ("A majority of the jurisdictions that have addressed whether a health care provider who supplies a defective



SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

prosthesis is subject to strict liability have declined to extend strict liability, similarly reasoning that the health care provider primarily renders a service, and that the provision of a prosthetic device is merely incidental to that service."); *Hector v. Cedars-Sinai Med. Ctr.*, 180 Cal. App. 3d 493, 505 (1986) ("The essence of the relationship between hospital and patient is the provision of professional medical services necessary to effect the implantation of the [product] – the patient does not enter the hospital merely to purchase a [medical device] but to obtain a course of treatment which includes implantation of [the device]."). Plaintiffs' Complaint plainly and correctly recognizes that the Hospital "provides hospitalization and related medical facilities and services to the public." (Compl. ¶ 4; *see also id.* ¶ 46 (same).) At bottom, nowhere do Plaintiffs' pleadings allege that the Hospital can or should be strictly liable for selling the Composix® Kugel® Patch to them, nor could Plaintiffs so allege.[3]

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

## III. Plaintiffs' Claims Against The Hospital Should Be Severed In Order To Maintain This Court's Diversity Jurisdiction.

In *Greene*, the court recognized its "authority under [Rule 21 of] the Federal Rules of Civil Procedure . . . to add or drop parties to a suit 'at any stage of the action and on such terms as are just.'" *Id.* at 685. Furthermore, this Court indicated that it would exercise this authority "to sever claims where the joinder is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and

[3] Plaintiffs' Motion to Remand attaches as an exhibit what appears to be an itemized or categorized list of expenses billed to Plaintiffs in conjunction with Ms. Nichol's hernia repair surgery. Plaintiffs use the exhibit to show that they were billed $1620 for the Composix® Kugel® Patch. From this, Plaintiffs argue that the Hospital "sold" them the product. (*See* Mot. to Remand 2.) Although Plaintiffs fail to attach a complete copy of the expenses billed to them by the Hospital, common sense dictates that any amount paid for the Composix® Kugel® Patch was small in comparison to the total payment owed the Hospital in conjunction with the overall medical services offered Ms. Nichol. Regardless, Plaintiffs' argument, if taken to its logical extreme, would hold the Hospital strictly liable for its "sale" not only of the Composix® Kugel® Patch, but also for its use and "sale" of syringes, surgical masks, oximeters, sutures, drapes, sponges, sterile gloves, raytex, suction tips, staplers, bovie units, surgical gowns, suction tubing, brushes, anesthesia, oxygen, underpads, and more. This result finds no basis in law or logic.

interest of justice is best served by severance." *Id.* Each of these considerations warrant removal and severance of the misjoined parties and claims in this case.

Here, Plaintiffs' joinder of the Hospital was apparently meant to do no more than prevent this Court from properly exercising its jurisdiction over a product liability lawsuit that meets every other requirement for federal diversity jurisdiction. Plaintiffs do not and cannot contest that – other than Defendant Boulder City Hospital – the parties are completely diverse.[4] Likewise, Plaintiffs do not dispute that their claims fulfill the amount-in-controversy requirement of 28 U.S.C. § 1332(a). The only obstacle thrown in the path of this Court's diversity jurisdiction is Plaintiffs' (mis)joinder of the Hospital, but this alone does not prevent this Court from rightfully assuming jurisdiction over the product liability claims brought against Davol and Bard. For, as this Court concluded in *Greene*, "where the non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure, other interests prevail over that of permitting a plaintiff's choice of forum." *Greene*, 344 F. Supp. 2d at 685.

///

///

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

[4] The implication that Davol and/or Bard may be "hiding a Nevada resident [*i.e.*, a sales representative] from this Court" (Mot. to Remand 3) is unfounded and ultimately immaterial. As Plaintiffs recognize, the citizenship of "Doe" defendants is disregarded for purposes of determining this Court's diversity jurisdiction. *See* 28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). Furthermore, any claims actually stated against an identified sales representative would not preclude removal in light of the "fraudulent joinder" doctrine and its application in similar cases. *See, e.g., Thompson v. Medtronic, Inc.*, No. 2:06-CV-00675-RCJ (PAL), 2006 WL 3544937, at * 4 (D. Nev. Dec. 8, 2006) (denying motion to remand, finding that medical device sales representative was fraudulently joined as a defendant to defeat diversity jurisdiction).

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully request that the Court deny Plaintiffs' Motion to Remand.

DATED this 26th day of June, 2007.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134

Kirby T. Griffis, Esq.
District of Columbia Bar No. 453091
Michael L. Junk, Esq.
District of Columbia Bar No. 476886
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, DC 20005
Attorneys for Defendants
Davol Inc. and C.R. Bard, Inc.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

**CERTIFICATE OF SERVICE BY MAIL AND E-SERVICE**

I HEREBY CERTIFY that on this 26th day of June, 2007, a true copy of the foregoing **Defendant Davol Inc.'s and Defendant C.R. Bard, Inc.'s Opposition to Plaintiffs' Motion to Remand** was mailed, postage prepaid, and sent electronically to the following:

Robert E. Murdock, Esq.
MURDOCK & ASSOCIATED, CHTD.
520 S. Fourth Street
Las Vegas, Nevada 89101
and
Eckley M. Keach, Esq.
ECKLEY M. KEACH, CHTD.
520 S. Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiffs

Kim Irene Mandelbaum, Esq.
MANDELBAUM & SCHWARZ, LTD.
2012 Hamilton Lane
Las Vegas, Nevada 89106
Attorneys for Defendant
Boulder City Hospital, Inc.

[signature]

an employee of Smith Larsen & Wixom